UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HOLLANDER COUNSELING AND CONSULTING, INC. AND LITTLE SUNSHINE PROPERTIES, LLC** | **CIVIL ACTION NO.** |
| | **JUDGE** |
| **v.** | **MAGISTRATE JUDGE** |
| **MASSACHUSETTS BAY INSURANCE COMPANY** | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, with a full reservation of all rights, defenses, objections, and exceptions, Massachusetts Bay Insurance Company ("Massachusetts Bay"), named as a defendant in the proceeding entitled *Hollander Counseling and Consulting, Inc. and Little Sunshine Properties, LLC v. Massachusetts Bay Insurance Company*, Case No. 20220001127, Division C, filed in the Twenty-First Judicial District Court, Parish of Tangipahoa, State of Louisiana, hereby files this Notice of Removal and removes this action to the United States District Court for the Eastern District of Louisiana. Pursuant to 28 U.S.C. §§ 1441 and 1446, Massachusetts Bay states the grounds of removal as follows:

1. On April 25, 2022, Plaintiffs, Hollander Counseling and Consulting, Inc. and Little Sunshine Properties, LLC (collectively, "Plaintiffs") filed a Petition for Damages (the "Petition") against Massachusetts Bay, captioned *Hollander Counseling and Consulting, Inc. and Little Sunshine Properties, LLC. v. Massachusetts Bay Insurance Company*, Case No. 20220001127, Division C, filed in the Twenty-First Judicial District Court, Parish of Tangipahoa, State of Louisiana.

2. Plaintiffs allege that the property at issue is located at 509 E. Thomas St.,

Hammond, Louisiana, 70401 (the "Property") which was insured under a policy issued by Massachusetts Bay. Petition for Damages ("Pet.") ¶¶ IV-V.

3. Plaintiffs allege that the Property was damaged by Hurricane Ida on August 26, 2021. Pet. ¶ VI.

4. Plaintiffs allege that Massachusetts Bay failed "to timely and adequately tender payment under the Policy." Pet. ¶ VIII. Plaintiffs further allege that Massachusetts Bay's conduct constitutes a breach of Defendant's duty of good faith and fair dealing under La. R.S. §§ 22:1892 and 22:1973. Pet. ¶ VIII.

5. Removal of this action under 28 U.S.C. §§ 1332(a) and 1441(b) is proper based on this Court's diversity jurisdiction because the named parties are citizens of different States and the amount in controversy exceeds $75,000.00.

6. Plaintiffs allege in their Petition that the Property is located in Hammond, Louisiana. Pet. ¶ IV. The records of the Louisiana Secretary of State provides that Hollander Counseling and Consulting, Inc. has its principal place of business at 509 E. Thomas Street, Hammond, Louisiana 70401 and it incorporated in Louisiana. Hollander Counseling and Consulting, Inc. is a citizen of Louisiana for purposes of diversity jurisdiction. The records of the Louisiana Secretary of State provide that for Little Sunshine Properties, LLC, its membership consists of two individuals: (1) Jennifer Hollander of 20209 Hidden Park Lane, Hammond, Louisiana, 70403; and (2) Daniel Hollander of 20209 Hidden Park Lane, Hammond, Louisiana 70403. Accordingly, because Little Sunshine Properties, LLC's members are both citizens of Louisiana, Little Sunshine Properties, LLC is a citizen of Louisiana for purposes of diversity jurisdiction. Therefore, both Hollander Counseling and Consulting, Inc. and Little Sunshine Properties, LLC are citizens of Louisiana for purposes of diversity jurisdiction.

7. Defendant, Massachusetts Bay Insurance Company, is a corporation organized under the laws of the State of New Hampshire and with its principal place of business in Worcester, Massachusetts. Accordingly, Defendant is a citizen of New Hampshire and Massachusetts for purposes of diversity jurisdiction.

8. Because Massachusetts Bay is not a citizen of the same state as Plaintiffs, complete diversity exists under 28 U.S.C. §1332(a)(1). *See Harvey v. Grey Wolf,* 542 F.3d 1077, 1079 (5th Cir. 2008).

9. While Massachusetts Bay disputes Plaintiffs' claims and requested relief, Plaintiffs have put more than $75,000.00 in controversy with their claims. Plaintiffs assert claims against Massachusetts Bay for breach of contract, negligent and/or bad faith claims adjusting, and all other legal theories applicable to the facts and facts obtained in discovery. Pet. ¶ XII. Plaintiffs are seeking to recover from Massachusetts Bay damages sustained from Hurricane Ida. ¶¶ XIII. Upon information and belief, the amount of Plaintiffs claims exceed the jurisdictional minimum of $75,000.00.

10. Plaintiffs further allege additional damages that demonstrate the amount in controversy exceeds $75,000.00. Plaintiffs seek damages for extra expense as defined in the policy, lost business income, property damage, diminution in the value of Plaintiffs' businesses, decreased property value, interests and closing costs on loans taken to repair the property, loss of contents, loss of use and enjoyment of property, repair and remediation expenses, extreme mental anguish, including inconvenience and aggravation, loss of business goodwill, bad faith penalties, attorney's fees, and any and all other damages. Pet. ¶ XIII. Accordingly, the amount in controversy exceeds the jurisdictional minimum of $75,000.00. *See Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537-38 (5th Cir. 1990) (including attorney's fees in calculation of amount in

controversy).

11. Thus, Plaintiffs' lawsuit is a civil action brought in a state court over which this United States District Court would have original jurisdiction under 28 U.S.C. § 1332 because the parties to this case are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and may be removed to this Court pursuant to 28 U.S.C. §1441.

12. This removal is timely under 28 U.S.C. § 1446 because Massachusetts Bay received the Petition through service on May 23, 2022.

13. Venue is proper in this district because the Twenty-First Judicial District, Parish of Tangipahoa, State of Louisiana is a state judicial district within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a).

14. Attached hereto collectively as Exhibit 1 are copies of all process, pleadings, and orders served upon Massachusetts Bay, pursuant to 28 U.S.C. § 1446(a), as well as a copy of all process, pleadings and orders available in the state court record pursuant to 28 U.S.C. § 1447(b).

15. Plaintiffs demand a trial by jury in state court. Pet. ¶ XV.

16. Promptly after filing this Notice of Removal, Massachusetts Bay will serve a copy of this Notice of Removal upon opposing counsel and file a copy of this Notice of Removal with the Clerk of the Twenty-First Judicial District, Parish of Tangipahoa, State of Louisiana, as provided by law, to effect the removal of the state court action pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Massachusetts Bay Insurance Company prays that this Notice of Removal be accepted as good and sufficient, and that the aforementioned action entitled *Thomas & Vikki Hollander Counseling and Consulting, Inc. and Little Sunshine Properties, LLC. v. Massachusetts Bay Insurance Company*, Case No. 20220001127, Division C, filed in the Twenty-First Judicial

District Court, Parish of Tangipahoa, State of Louisiana, be removed to the United States Court for the Eastern District of Louisiana, and that this Honorable Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general and equitable relief to which Massachusetts Bay Insurance Company is entitled.

        Respectfully submitted,

        **PHELPS DUNBAR LLP**


    BY:    */s/ Virginia P. Stewart*
        Mark C. Dodart (Bar #17549)
        Virginia P. Stewart (Bar #40062)
        Canal Place | 365 Canal Street, Suite 2000
        New Orleans, Louisiana 70130
        Telephone: 504 566 1311
        Facsimile: 504 568 9130
        Email: dodartm@phelps.com
        Email: virginia.stewart@phelps.com


        **ATTORNEYS FOR DEFENDANT,**
        **MASSACHUSETTS BAY INSURANCE**
        **COMPANY**

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 13th day of June, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record. A copy of the foregoing pleading was also served upon the following attorneys of record at the address below via e-mail and/or U.S. Mail, postage prepaid and properly addressed.

    Brian P. Marcelle
    Alex T. Robertson
    Jacques C. Mestayer
    650 Poydras St. Ste 2720
    New Orleans, LA 70130
    Phone: (504) 910-6220
    Fax: (504) 910-6800
    brian@mrmlaw.com
    alex@mrmlaw.com
    jacques@mrmlaw.com

                                               */s/ Virginia P. Stewart*
                                               Virginia P. Stewart