

### Tangipahoa Parish Clerk of Court
### GARY T. STANGA, CLERK OF COURT
P.O. BOX 667 • AMITE, LOUISIANA 70422

ALICIA FUSSELL
CHIEF DEPUTY
ALISON CARONA
CHIEF FINANCIAL OFFICER

AMITE (985) 748-4146
FAX (985) 748-6503
WWW.TANGICLERK.ORG

Twenty-First Judicial District Court
State of Louisiana
Parish of Tangipahoa

I, Gary T. Stanga, Clerk of Court of the Twenty-First Judicial District Court, Parish of Tangipahoa do hereby certify, that the attached copies of documents are true and correct copies of all the documents filed and are of record in the archives of my office in the matter entitled:

_Hallandee Counseling And Counseling, Inc._

Vs. Docket # _2022 0001127_

_Massachusetts Bay Insurance Company_

In testimony whereof, I have here unto set my hand and affixed the seal of the said court, at the town of Amite City, on the _6_ day of _June_ in the year of our Lord, two thousand _22_ year of the Independence of the United States of America.

Gary T. Stanga, Clerk of Court

By: _Deidra M Brown_

(Print Name) _Deidra M Brown_
Deputy Clerk of Court
21ˢᵗ Judicial District Court
Parish of Tangipahoa

EXHIBIT 1

OUR COMMITMENT TO EXCELLENCE AND CONTINUED IMPROVEMENT
IS THE FOUNDATION UPON WHICH WE SERVE THE PUBLIC AND
WORK IN PARTNERSHIP WITH THE COMMUNITY

From: Ashley Bowers        Fax: 15049106220        To:        Fax: (985) 748-6746        Page: 2 of 16        04/25/2022 4:04 PM



**MARCELLE**
**ROBERTSON**
**MESTAYER** LLC
MRM  ATTORNEYS AT LAW

650 Poydras St., Ste. 2720
New Orleans, LA 70130
Ph: 504-910-6220
Fax: 504-910-6800
mrmlaw.com

April 25, 2022

*Via Facsimile: (985) 748-6746*
Tangipahoa Parish Clerk of Court
110 N. Bay St., Suite 100
Amite, LA 70422

> Tangipahoa Parish Clerk of Court  20220001127
> **Filed Apr 25, 2022 4:04 PM**        C
> **Iesha Brumfield**
> **Deputy Clerk of Court**

RE:   Hollander Counseling & Consulting, et al. v. Massachusetts Bay
        Insurance Company
        NEW PETITION

Dear Sir/Madam:

Please find enclosed Plaintiff's Petition for Damages along with discovery requests for filing with the court in the above-referenced matter. Please kindly let us know the filing and service costs and we will remit a check along with the original and service copies in the next seven (7) days.

Sincerely,

Alex T. Robertson

Enclosure

04/25/2022 MON 16:36  [JOB NO. 6022] ☑002

**Certified True and Correct Copy**
CertID: 2022060600026

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:38 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

# Facsimile

*Note:*

New Petition

*To:*                                    *From:*    Ashley Bowers

*Phone:*                                 *Phone:*   (504) 910-6220 * 104
*Fax:*      (985) 748-6746               *Fax:*     15049106220

*Date:*    04/25/2022

*Pages:*   16

04/25/2022 MON 16:36  [JOB NO. 6022] ☒001

**Certified True and Correct Copy**
CertID: 2022060600026

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:38 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

From: Ashley Bowers    Fax: 15049106220    To:    Fax: (985) 748-6746    Page: 3 of 16    04/25/2022 4:04 PM

LOUISIANA CIVIL CASE REPORTING
Civil Case Cover Sheet - LA. R.S. 13:4688 and
Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

Suit Caption:  *Hollander Counseling & Consulting, Inc., et al*

vs.

*Massachusetts Bay Insurance Company*

Court: *Tangipa 21st JDC*  Docket Number: _____

Parish of Filing: *Tangipahoa*  Filing Date: *4-22-22*

Name of Lead Petitioner's Attorney: *Alex Robertson*

Name of Self-Represented Litigant: _____

Number of named petitioners: *7*  Number of named defendants: *1*

Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):

| | |
|---|---|
| ☐ Auto: Personal Injury | ☐ Auto: Property Damage |
| ☐ Auto: Wrongful Death | ☐ Auto: Uninsured Motorist |
| ☐ Asbestos: Property Damage | ☐ Asbestos: Personal Injury/Death |
| ☐ Product Liability | ☐ Premise Liability |
| ☐ Intentional Bodily Injury | ☐ Intentional Property Damage |
| ☐ Intentional Wrongful Death | ☐ Unfair Business Practice |
| ☐ Business Tort | ☐ Fraud |
| ☐ Defamation | ☐ Professional Negligence |
| ☐ Environmental Tort | ☐ Medical Malpractice |
| ☐ Intellectual Property | ☐ Toxic Tort |
| ☐ Legal Malpractice | ☒ Other Tort (describe below) |
| ☐ Other Professional Malpractice | ☐ Redhibition |
| ☐ Maritime | ☐ Class action (nature of case) |
| ☐ Wrongful Death | *Breach of contract* |
| ☐ General Negligence | |

Please briefly describe the nature of the litigation in one sentence of additional detail:

*Breach of contract - Hurricane Ida*

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name *Ashley Bowers*  Signature *Ashley Bowers*

Address *1050 Poydras St. St. 2730, New Orleans, LA 70130*

Phone number: *(504) 910-6220*  E-mail address: *Ashley@mcmlaw.com*

04/25/2022 MON 16:36  [JOB NO. 6022] ☒003

*Gary Stanga*

**Certified True and Correct Copy**
CertID: 2022060600027

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Tangipahoa Parish Clerk of Court 2022000127
Filed Apr 25, 2022 4:04 PM
Iesha Brumfield
Deputy Clerk of Court

C

Tangipahoa Parish Clerk of Court  20220001127
Filed Apr 25, 2022 4:04 PM         C
Iesha Brumfield
Deputy Clerk of Court

| IN RE: HURRICANE IDA CLAIMS | : | STATE OF LOUISIANA |
|---|---|---|
| | : | PARISHES OF TANGIPAHOA, LIVINGSTON, AND ST. HELENA |
| | : | 21ST JUDICIAL DISTRICT COURT |

*Clara Russell*

DEPUTY CLERK

## CASE MANAGEMENT ORDER
### REGARDING CERTAIN PROPERTY DAMAGE SUITS ARISING FROM HURRICANE IDA

On August 29, 2021, Hurricane Ida came ashore near Port Fourchon, Louisiana and wrought destruction a major Hurricane.[1] Hurricane-force winds inflicted damage throughout this Court's jurisdiction.[2] The causes of action arising therefrom may sometimes be referred to as "the Hurricane Cases."[3]

In the aftermath of these catastrophic natural disasters, this Court recognizes a number of insurance coverage-related litigation linked to the Hurricane. In Act 318 of the 2021 Regular Session the Legislature of Louisiana amended the laws expanding judicial authority related to special masters and mandatory mediation in cases stemming from certain major disasters ("Act 318").[4]

Act 318 authorizes this court to issue this CMO, this Court finds it warranted to best accommodate the adjudication of Hurricane cases in this Court.[5] Accordingly, this Court's aim continues to be the just and expedient resolution of these related matters, in spite of the increased strain on the Court's resources, and with the primary goal of enabling the St. Helena, Tangipahoa, and Livingston Parish communities to move forward with crucial recovery efforts, in the aftermath of the Hurricane and the ongoing Coronavirus pandemic.

**IT IS HEREBY ORDERED** that this Case Management Order shall be immediately

---

[1] https://www.theadvocate.com/baton_rouge/news/article_0cc1dc86-0a90-11ec-827e-6342102b8d5d.html
[2] https://www.theadvocate.com/baton_rouge/news/communities/livingston_tangipahoa/article_7ed453a0-0a93-11ec-9991-df821de81500.html and https://www.weather.gov/lix/hurricaneida2021
[3] All causes of action concerning damage related to Hurricane Ida is subject to this Order, including causes of action where the third-party demand or cross claim is a claim against an insurer by an insured due to damage from the Hurricane.
[4] Hurricane Ida qualifies pursuant to R.S. 13:4165(F)(1). A major disaster declaration was made by the President for St. Helena, Livingston, and Tangipahoa Parishes in Hurricane Ida under FEMA Release No. HQ-21-181. St. Helena, Livingston, and Tangipahoa Parishes qualified for individual assistance for the Hurricane (FEMA designation DR-4611-LA).
[5] Hurricane Ida ties Hurricane Laura for the strongest hurricane to hit Louisiana and the fifth strongest Hurricane to hit the United States. Act 318 was enacted in the aftermath of Hurricane Laura and this CMO is modeled extensively on the CMO successfully adopted by the 14th Judicial District Court following Hurricane Laura.

1

Certified True and
Correct Copy
CertID: 2022060600028

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

applicable to all Hurricane Cases currently pending or hereafter filed in this Court.

## SECTION 1. DISASTER PROTOCOLS FOR INITIAL DISCLOSURES

The Court has reviewed the Disaster Litigation Initial Discovery Disaster Protocols adopted by the United States District Court for the Western District of Louisiana, applicable to all Hurricane Cases[6] and the nearly identical Disaster Protocols implemented by the U.S. District Court for the Southern District of Texas following Hurricane Harvey.[7] These Disaster Protocols call for prompt sharing of specific information to promote uniformity, to facilitate prompt evaluation of each case, to foster communication between the parties, and to facilitate an expedited mediation procedure.

Accordingly, this Court has adopted the Disaster Protocols attached hereto as Exhibit "A" in the Disaster Protocols Order and makes them applicable to all Hurricane cases filed in this Court. Additionally, **IT IS HEREBY ORDERED** that there shall be an automatic extension of time to Answer in every Hurricane case until the 30th day after service of the plaintiff's petition. No further extensions of time shall be granted except in exigent circumstances.

Additionally, **IT IS HEREBY ORDERED** that the disclosures and exchange of information required by the Disaster Protocols Order shall be due 45 days from the date that defendant files responsive pleadings. This deadline may sometimes hereinafter be referred to as the "Disclosure Deadline". Even if the parties agree to further extension of time to file responsive pleadings, the Disclosure Deadline shall be no more than 90 days from the service of the petition unless the extension of the Disclosure Deadline is expressly extended by the written consent of all parties or pursuant to an express Order of this Court to extend it.

**IT IS FURTHER ORDERED** that each party shall supplement their Initial Disclosures at least twenty-one days prior to any scheduled mediation pursuant to the CMO.[8]

**IT IS FURTHER ORDERED** that all other discovery is stayed until certification of the completion of the SSP. However, the Special Master may authorize limited formal discovery during the SSP in extraordinary circumstances.

---

[6] https://www.lawd.uscourts.gov/sites/lawd/files/UPLOADS/Hurricane_Laura_Delta_CMO_1_Att_A_Dis covery_Protocols.062121.tzd_0.pdf
[7] *United States District Court for the Southern District of Texas*, Disaster Litigation Initial Discovery Protocols, *available at*
https://www.txs.uscourts.gov/sites/txs/files/Disaster%20FINAL%20Web%20version.pdf
[8] If the Special Master finds a production under the Disaster Disclosures too voluminous or disorganized to be useful for the SSP, he may require that the Disaster Disclosures be bates numbered and organized with a Table of Contents.

**Certified True and Correct Copy**
CertID: 2022060600028

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

## SECTION 2. PRIVILEGE

Documents for which a privilege may properly be asserted include communications that reflect the mental impressions, conclusions, opinions, or theories of an attorney.[9] However, as recognized by federal courts concerning hurricane cases "Documents routinely prepared in the ordinary course of business, including but not limited to adjusters' reports, and other expert analyses, including draft reports, are not privileged and should be produced."[10]

Therefore, **IT IS FURTHER ORDERED that** any party withholding disclosure of any information or documents, where said disclosure is required pursuant to the Disaster Protocols, shall produce a privilege log to opposing counsel on or before the Disclosure Deadline. This privilege log shall detail all information or documents that it declined to produce on the basis of that the material is privileged. The log should include the author of the document, the recipient of the document, the date of the document, and the nature of the privilege asserted.

Any dispute concerning privileged items shall be referred to the Special Master. If a motion to compel related to the privilege log is filed, or if any other privilege dispute is raised with the Special Master, the disputed items shall be provided to the Special Master *in camera* within ten days. The Special Master or his designated deputy shall provide all parties with a report and recommendation concerning the claimed privilege.

If neither party opposes the report and recommendation within seven days of its receipt then the Court may issue an Order confirming it. If either party opposes the report and recommendation within seven days of its receipt then the report shall be transmitted to the Court by the Special Master together with the *in camera documents*. The opposing party may file a memorandum concerning the report and recommendation within seven days of receiving the report, and any other party may file a response within five days of the filing of the

---

[9] La. C.C.P. art. 1424(A)

[10] United States District Court for the Western District of Louisiana, *In Re Hurricane Laura and Delta Cases: Case Management Order No. 1*, p. 3, *available at* https://www.lawd.uscourts.gov/sites/lawd/files/UPLOADS/Hurricane_Laura_Delta_CMO_1.012221.tzd. pdf

United States District Court for the Eastern District of New York, *In Re Hurricane Sandy Cases: Case Management Order No. 1*, p. 10, *available at* https://img.nyed.uscourts.gov/files/general-ordes/14mc41cmo01.pdf.

3

**Certified True and Correct Copy**
CertID: 2022060600028

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

opposition.

**SECTION 3. SPECIAL MASTER AND APPOINTED NEUTRALS**

Considering the foregoing reasons supplied by the Court in the introduction *infra*, the Court finds that exceptional circumstances exist which warrant the appointment of a Special Master to assist with the efficient and fair administration of all Hurricane Cases. Pursuant to the Court's inherent judicial power and its authority under La. R.S. 13:4165, *et seq*, it is ordered that **THE COURT HEREBY APPOINTS CADE R. COLE, ESQ.** as the Special Master for Hurricane Cases in the 21st Judicial District Court.

The Court takes specific notice of his role as Special Master under the CMO for Hurricane cases in other state district courts. The Court anticipates that this appointment and continued coordination with any federal Special Master will encourage consistent resolutions of Hurricane Cases. As part of their appointment, the Court mandates that the Special Master shall proceed with all reasonable diligence and shall exercise their respective rights and responsibilities to direct the Streamlined Settlement Process as provided in this Order.

**IT IS FURTHER ORDERED** that the Neutrals, referenced in Section 4(II)(B), *supra*, are hereby appointed and shall proceed with all reasonable diligence and shall exercise their rights and responsibilities under the Streamlined Settlement Process ("SSP") as the Special Master may direct.

**I.    *The Special Master***

The Special Master shall administer, coordinate, and preside over the SSP. This authority includes the power to order parties and/or party representatives with full power of settlement to submit briefing, engage in discovery, and attend settlement conferences. The Special Master may enter any other order to effectuate the provisions of the SSP, subject to the review and control of the Court.

**II.    *Compensation of Appointed Neutrals***

The Special Master, his designated deputies, and all other appointed neutrals under the SSP (the "Appointed Neutrals") shall be compensated in the amount of:

A.  $400 per hour for the Special Master or Appointed Neutrals;

B.  $280 per case for the Special Master for administrative expenses in administering, scheduling, organizing, and coordinating the Streamlined Settlement Process for each case amongst the parties as well as with the Appointed Neutrals; and

C.  all actual expenses of the Appointed Neutrals, including but not limited to travel, meeting rooms, telephone, and electronic audio or video conference means.

Unless otherwise directed by mutual agreement of the parties or as otherwise directed by the Special Master, all of the above fees and expenses shall be paid twenty-

4

**Certified True and Correct Copy**
CertID: 2022060600028

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

five percent (25%) by the plaintiff(s) and seventy-five (75%) by the defense(s).[11] A $500 cancellation fee may be assessed against the responsible party together with any actual time for cancellations with less than two-weeks notice.

**IT IS FURTHER ORDERED** that $70 of the administrative fee provided for in Section II(B) shall be added to the cost of filing the petition, collected by the clerk of court, and remitted monthly to the Special Master; and that $210 of the administrative fee provided for in Section II(B) shall be added to the cost of the first notice or filing by the defendant, collected by the clerk of court, and remitted monthly to the Special Master.

### III.    Role of Appointed Neutrals

A. The Special Master and Appointed Neutrals may communicate *ex parte* with the Court when deemed appropriate by the Special Master, at his discretion, without providing notice to the parties, including communication certifying that the parties have complied with the requirements of the SSP.

B. The Special Master and Appointed Neutrals may initiate contact and communicate with counsel for any party as he or she deems appropriate with respect to the efficient administration and management of the SSP.

C. The Special Master and Appointed Neutrals, the parties, and those assisting the foregoing shall be bound by the confidentiality of the settlement discussions.

D. The Special Master may designate any of the Appointed Neutrals to act as his deputy from time to time and to perform any duties of the Special Master.

E. If an Appointed Neutral reports that a case did not settle due to a party's failure to comply with its obligations under the Disaster Protocols, including the obligation to supplement the Disaster Disclosures at least twenty-one (21) days prior to the mediation, the Special Master may order another mediation and may assess the full cost of the first mediation against the party in violation.

### IV.    Notice to the Special Master.

Any party to a Hurricane Case may file a motion with the assigned District Judge requesting an opt out from the SSP only for good cause shown within the applicable deadline (*see* Section 4 below). **IT IS FURTHER ORDERED** that any party filing an opt out motion shall copy the Special Master, and that the parties shall provide notice of the Court's Order on the motion to opt out to the Special Master whether the motion to opt out is granted or denied.

**IT IS FURTHER ORDERED** that counsel for any party to a Hurricane Case that has been provided a copy of this Order shall be required to provide email notice to the Special Master of the initial pleadings and all subsequent filings in any Hurricane Case (knowledge of this provision is presumed where a counsel for the party has been provided a copy of this Order for a case for that party or any other party). The Special Master shall send an Initial Informational Package on the SSP to all parties and/or counsel of record for Hurricane Cases subject to the SSP.

### SECTION 4. STREAMLINED SETTLEMENT PROCESS ("SSP")

Within 15 days of the filing of the defendant's responsive pleading (or within 15 days of the receipt of a copy of this Order by the defendant or its counsel, including by electronic

---

[11] In instances where an insurer of an insured has filed suit against the insured concerning a Hurricane case the insured shall be considered the plaintiff for the purposes of the cost split under this order and the insurer shall be considered the defendant. It is generally customary in the event of settlement that a condition of settlement be that the insurer pays court costs and costs of the SSP/mediation.

**Certified True and Correct Copy**
CertID: 2022060600028

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

or other means — whichever is later), either party may file a motion to opt out of this Streamlined Settlement Process for good cause shown. This motion may be decided on the briefs without hearing. Unless the Court authorizes an opt out, then the parties shall participate in the two-staged Streamlined Settlement Process, which is described as follows:

### I.    First Stage: Settlement Conference

Within 45 days of the Disclosure Deadline in all Hurricane Cases, all parties shall conduct an informal settlement conference ("ISC") among all parties and their counsel. Within 15 days of the Disclosure Deadline counsel shall meet to confer and discuss a mutually convenient time, date, and manner for the conference. In light of the COVID-19 pandemic as well as the desire to resolve the Hurricane Cases as expeditiously as possible, settlement conferences should be conducted, where possible, by phone or audiovisual communication, including but not limited to Zoom, Skype, or similar platforms.

Counsel for each plaintiff and for each defendant must have full authority to resolve the case from their clients, who shall be readily available by telephone if circumstances for the ISC require assistance.

The ISC shall include a particularized demand from the plaintiff that is itemized by each claimed policy coverage category then known to be remaining in dispute and/or any existing demand for extra-contractual damages that are then claimed to be incurred. The demand shall be submitted by email to the opposing counsel on the form attached as Exhibit "C" at least 72 hours prior to the scheduled ISC.

The attorney for the insurer will conduct a call prior to the ISC with the relevant client representative to ensure the client representative has reviewed the ISC demand. The client representative will inform their counsel concerning additional information requested to evaluate the claim, and their counsel shall convey that to opposing counsel at the ISC or in writing. The insurer shall submit by email to the opposing counsel an itemization of the prior payments awarded by coverage category on the form attached as Exhibit "D" at least 72 hours prior to the scheduled ISC.

The defendant shall respond at the ISC to briefly detail why it does not agree with the demand by category. The plaintiff may request that this response be reduced to writing, and if requested it shall be answered within 15 days of the ISC.

All ISC communications shall be covered by mediation confidentiality. The Special Master may order any particular modifications in this protocol for specific cases, parties, or attorneys.

### II.    Second Stage: Mediation

Cases that do not resolve during the initial settlement conference shall be set for a formal mediation. The parties shall provide the Special Master written notice (including by email and preferably jointly) of completion of the First Stage along with a request for mediation. The Special Master may assign a neutral within 60 days of the Disclosure Deadline even if neither party submits the written notice. The Special Master shall then assign each Hurricane Case to an Assigned Neutral, and it is the goal that Assigned Neutrals complete mediation within 90 days of appointment. The Special Master (or Appointed Neutral for the case) may set a scheduling conference, or communicate with counsel about availability through other means, but shall seek to schedule the mediations in an expeditious manner at mutually convenient times and dates for all parties. In the event a counsel provides an insufficient number of available dates the Special Master may authorize an extension of the SSP period for that case or may require mediation on a date selected by the Special Master, including on a weekend day.

**Certified True and Correct Copy**
CertID: 2022060600028

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

### A.    Conduct of Mediation

After scheduling of an agreed mediation, counsel for each party shall submit confidential statements solely to the appointed neutral. The appointed neutral shall determine, after conferring with the parties, on the length of the confidential mediation statements and the permissible number of exhibits attached thereto.

Plaintiff(s) shall be present in-person along with counsel (subject to accommodations approved by the case's Appointed Neutral). Defense counsel shall also attend in-person. A representative from defendant(s) is encouraged to attend, but unless otherwise directed by the Special Master the defendant(s) representative shall not be required to attend if counsel for the defendant has full authority to resolve the case. In addition, a representative of the defendant shall be readily available by telephone, if circumstances for that particular mediation require assistance.

To the extent agreed by the parties and the case's Appointed Neutral, this mediation conference may be conducted by phone or other means of electronic audio or video communication, including but not limited to Zoom, Skype, or similar platforms.

As part of this Streamlined Settlement Process, the attendees may be invited to each make opening statements but there shall be no live witness testimony.

### B.    List of Neutrals

The Court hereby initially designates and appoints the following individuals as "neutrals" (mediators) for the SSP:

Any person designated by the Special Master after consultation with the Court who is qualified pursuant to R.S. 13:4165(F)(5).

### C.    Neutral Training

The Special Master may undertake to provide special training to the neutrals, including coordinating participation in training prepared for the Streamlined Settlement Process. The Special Master may form a plaintiffs' liaison committee and a defense liaison committee or may coordinate with any related Federal Court liaison committees for Hurricane Cases. If formed, the Special Master may solicit input and responses concerning commonly occurring legal issues that the liaison committees, from experience, believe may arise in a large number of these cases, along with relevant case law or other authority addressing these issues. While the ultimate determination of any such common issue may well be fact driven, and the outcome of any legal issue will be determined by the Court, the Special Master may seek this information in order to educate and fully prepare the appointed neutrals with the hope of expediting the settlement process. The Special Master may facilitate discussions by and among the appointed neutrals to promote, to the extent possible, consistency in the resolution of cases.

### III.    *Extensions of Time*

Upon a joint request by the parties, or for other good cause shown, the Special Master may extend any deadline specified in this Order.

## SECTION 5.  COURT APPOINTED UMPIRES REQUIRED UNDER POLICIES

If an insurance policy implicated in a Hurricane Case provides for court appointment

7

**Certified True and Correct Copy**
CertID: 2022060600028

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

of a neutral or third appraiser for valuation disputes (hereinafter referred to as an "Umpire"), any request for the appointment by this Court of an Umpire shall only occur if the parties have been unable to agree on their own.

Any request for the appointment by the Court of an Umpire shall be made in writing no later than the deadline for filing of the defendant's responsive pleading. Any motion or request for this Court's appointment of an Umpire shall be submitted to the Special Master via email at Hurricaneida@colelaw.us . This deadline may be extended by the Special Master in exceptional circumstances for good cause.

If a requesting party is seeking court appointment of an Umpire and no case is otherwise filed or pending before this Court (an "Umpire Only Filing"), then the parties shall follow the same procedures.

An Insurer is required to provide written notice of the request to any known counsel for the Insured (or directly to an unrepresented Insured). An Insured is required to provide written notice of the request to any known counsel of Insurer (if any) or alternatively to the Insurer's primary point of contact on the claim with Insured. The appraisers previously selected by each party shall also be provided notice, and their contact information (phone and email address) shall be provided in the request for appointment of an Umpire.

A written report and recommendation concerning the Umpire's appointment shall be issued to the parties and shall be deemed applicable to the parties in the same manner as if made by an order of the Court unless the report and recommendation is overturned by the assigned District Judge for good cause following a motion opposing the report and recommendation filed within seven days of transmittal of the written report and recommendation. Alternatively, the Special Master may issue the report and recommendation to the Court, and the Court may directly issue an Order concerning the appointment.

In an Umpire Only Filing, the Special Master may provide the report and recommendation to the civil Duty Judge as of the time of the issuance of the report and recommendations. Alternatively, the Special Master may issue the report and recommendation to the parties in the same manner described in the paragraph above. If any party objects to the report and recommendation in an Umpire Only Filing then it shall file a formal petition concerning the underlying dispute within seven days and the case shall be assigned to a judge in the usual manner for a decision concerning the report.

8



**Certified True and Correct Copy**
CertID: 2022060600028

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14;132, 133, and/or RPC Rule 3.3(a)(3).

**IT IS ORDERED** that the appraisers appointed by the parties are required to complete their work and submit any disputes to the Umpire no later than 60 days following the first Initial Disclosure Deadline under this Order (105 days following the filing of the defendant's responsive pleadings). The appointed Umpire shall issue his report no later than 21 days from the submission of the dispute to the Umpire. This period may be extended by the Special Master upon a showing of good cause.

**SECTION 7.        CLERK OF COURT AND NOTICE**

A Plaintiff filing a Hurricane Case should note on its cover letter, in ***ALL CAPS*** and ***RED FONT***, that the matter is a "HURRICANE CASE". **Each caption and on each pleading, "HURRICANE CASE" in bold print shall follow the docket number.** If the Special Master learns the Order has not been entered by the Clerk of Court, he shall serve it on the parties by email and may file proof of the same into the record at no cost.

In all subsequently filed Hurricane Cases, a copy of this order shall be served on the defendant(s) along with the Petition and Citation. The Clerk of Court shall include a reference that the Case Management Order is served with the Petition in the Citation issued. The Clerk of Court shall also provide a copy to the plaintiff by any authorized means.

The Clerk of Court shall transmit via email, at least weekly, to the Special Master the docket numbers, case caption, and attorney contact information for any Hurricane Cases filed.

Any party making any filing or submitting any memoranda in a Hurricane Case subject to this Order shall serve a courtesy copy on the Special Master in the same manner as enrolled counsel via email at HurricaneIda@colelaw.us .

**SECTION 7.        COURT SUPERVISION**

The Disaster Protocols and Streamlined Settlement Process shall, at all times, be subject to the ultimate control and supervision of the Court. This Case Management Order for Hurricane Cases is subject to modification pursuant to further orders of this Court. All provisions of this Order shall be applicable to all cases whether then pending or thereafter filed.

**SO ORDERED** on this _18 7th_ day of _December_ 2021, at _Livingston_
Louisiana.

Hon. Jeffrey Johnson
District Judge, Div. A

Hon. Charlotte H. Foster
District Judge Div. B

9

**Certified True and Correct Copy**
CertID: 2022060600028

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Hon. Erika W. Sledge
District Judge, Div. C

Hon. Brian K. Abels
District Judge Div. D

Hon. Brenda Bedsole Ricks
Chief Judge; District Judge, Div. E

Hon. William S. Dykes
District Judge Div. F

Hurricane Ida Claims
Case Management Order

10

**Certified True and
Correct Copy**
CertID: 2022060600028

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

| | | |
|---|---|---|
| IN RE: HURRICANE IDA CLAIMS | : | STATE OF LOUISIANA |
| | : | PARISHES OF TANGIPAHOA, LIVINGSTON, AND ST. HELENA |
| | : | 21ST JUDICIAL DISTRICT COURT |

_____
DEPUTY CLERK

_____

## EXHIBIT "B"

### STIPULATION FOR MEDIATION

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned parties:

1. The parties agreed to submit their dispute to mediation pursuant to the SSP, as specified in the Case Management Order (and any relevant supplements).

2. No party shall be bound by anything said or done during the mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement. The appointed neutral may meet in private conference with less than all parties. Information obtained by the neutral, either in written or oral form, shall be confidential and except as provided by Order of the Court it shall not be revealed by the neutral unless and until the party who provided the information agrees to its disclosure.

3. The mediation process, for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence, shall be considered a settlement negotiation. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications, oral or written, made during the mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such communications, statements, promises, offers, views and opinions shall not be subject to any discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties. However, any evidence which would otherwise subject to discovery or admissible shall not be excluded from discovery or admission in evidence solely because it has been referenced or discussed during this mediation process.

4. The appointed neutral and their agents shall enjoy the same immunity as judges and court employees, whether under federal or state law, for any act or omission in connection with the mediation, and from compulsory process to testify or produce documents in connection with the mediation.

5. The parties shall not:

    (i) Call or subpoena the appointed neutral as a witness or expert in any proceeding relating to: the mediation, the subject matter of the mediation, or any thoughts or impressions which the appointed neutral may have about the parties in the mediation;

    (ii) Subpoena any notes, documents or other material prepared by the appointed neutral in the course of or in connection with the mediation; and

    (iii) Offer into evidence any statements, views or opinions of the appointed neutral.

6. The appointed neutral's services have been made available to the parties through the dispute resolution procedures sponsored by the Court. In accordance with those procedures, the appointed neutral represents that he or she has taken requisite oaths.

1

**Certified True and Correct Copy**
CertID: 2022060600028

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

7.   Any party to this Stipulation is required to attend at least one session and as may be directed by the Special Master as many other sessions thereafter as may be helpful in resolving this dispute.

8.   An individual with final authority to settle the matter and to bind the party shall attend the mediation on behalf of each party.

---

**PLAINTIFF**

Date: _____

---

**COUNSEL FOR PLAINTIFF**

Date: _____

---

**DEFENDANT**

Date: _____

---

**COUNSEL FOR DEFENDANT**

Date: _____

**CONSENTED TO BY:**

---

**NEUTRAL APPOINTED BY THE COURT**

2

**Certified True and Correct Copy**
CertID: 2022060600028

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Date: _____

| | | |
|---|---|---|
| IN RE: HURRICANE IDA CLAIMS | : | STATE OF LOUISIANA |
| | : | PARISHES OF TANGIPAHOA, LIVINGSTON, AND ST. HELENA |
| | : | 21ST JUDICIAL DISTRICT COURT |

_____

DEPUTY CLERK

_____

## EXHIBIT "C"

### FORM FOR ISC DEMAND BY INSURED

| Category | Policy Limits | Damage | Prior Payments | ISC DEMAND |
|---|---|---|---|---|
| A. Property | _____ | _____ | _____ | _____ |
| B. Other Structures | _____ | _____ | _____ | _____ |
| C. Personal Property | _____ | _____ | _____ | _____ |
| D. ALE | _____ | _____ | _____ | _____ |

| | |
|---|---|
| Claim for Penalties on Late Prior Payments | _____ |
| Claim for Penalties on ISC Demand | _____ |
| Claim for Attorney's Fees | _____ |
| Claim for Other Damages (describe below): | _____ |

_____

| | |
|---|---|
| TOTAL | _____ |

This demand is for the purposes of mediation only and is covered by mediation confidentiality. It may not be used for any other purpose. It is rescinded if the case does not settle as part of the SSP. The plaintiff reserves the right to modify the demand based on additional information. The plaintiff reserves the right to claim expert costs, judicial interest, and mental anguish / economic damages and related penalties pursuant to R.S. 22:1973 at any trial of this matter even if they are not listed above.

3

**Certified True and Correct Copy**
CertID: 2022060600028

_Gary Stanga_

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

| | | |
|---|---|---|
| IN RE: HURRICANE IDA CLAIMS | : | STATE OF LOUISIANA |
| | : | PARISHES OF TANGIPAHOA, LIVINGSTON, AND ST. HELENA |
| | : | 21ST JUDICIAL DISTRICT COURT |

| | | |
|---|---|---|
| IN RE: HURRICANE IDA CLAIMS | : | STATE OF LOUISIANA |
| | : | PARISHES OF TANGIPAHOA, LIVINGSTON, AND ST. HELENA |
| | : | 21ST JUDICIAL DISTRICT COURT |

_____

DEPUTY CLERK

_____

## EXHIBIT "D"

### FORM FOR ISC DETAIL OF PAYMENTS BY INSURER

| Category | Policy Limits | Prior Payments |
|---|---|---|
| A. Property | _____ | _____ |
| B. Other Structures | _____ | _____ |
| C. Personal Property | _____ | _____ |
| D. ALE | _____ | _____ |
| OTHER: | _____ | _____ |
| TOTAL | _____ | _____ |

4

**Certified True and Correct Copy**
CertID: 2022060600028

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

IN RE: HURRICANE IDA CLAIMS    :    STATE OF LOUISIANA

                               :    PARISHES OF TANGIPAHOA,
                                    LIVINGSTON, AND ST. HELENA

                               :    21ST JUDICIAL DISTRICT COURT

*Olivia Fessel*

**DEPUTY CLERK**

2021 DEC 28  PM 2:57

GARY STARKA
CLERK OF COURT
TANGIPAHOA PARISH, LA

## INTERIM PROTECTIVE ORDER

The Initial Discovery Protocols are designed to achieve more efficient and targeted discovery. Prompt entry of a protective order will allow the parties to begin exchanging documents and information without delay. The Interim Protective Order will remain in place until the parties agree to, or the court orders, a different protective order, but absent agreement or court order, the Interim Protective Order will not apply to subsequent discovery. The parties may agree to use the Interim Protective Order throughout litigation.

**IT IS HEREBY ORDERED** that the following restrictions and procedures apply to certain information, documents, and excerpts from documents and information the parties exchange in response to the Disaster Protocols:

1. Any party may designate as "Confidential" any document, or information contained in or revealed in a document, provided in response to these Protocols or, if applicable, in subsequent discovery, if the party determines, in good faith, that the designation is necessary to protect the party. Information and documents a party designates as confidential will be stamped "CONFIDENTIAL." Confidential information or documents are referred to collectively as "Confidential Information."

2. Unless the court orders otherwise, the Confidential Information disclosed will be held and may be used by any person receiving the information solely in this litigation.

3. If a party challenges another party's Confidential Information designation, counsel must make a good-faith effort to resolve the dispute. If that is unsuccessful, the challenging party may seek resolution by the court. Nothing in this Interim Protective Order is an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and court rules.    10

4. Information or documents designated as "Confidential" must not be disclosed to any person, except:

    a. the requesting party and counsel, including in-house or agency counsel;

    b. employees of counsel assigned to and necessary to assist in the litigation;

    c. consultants or experts assisting in the prosecution or defense of the litigation, to the extent deemed necessary by counsel;

    d. any person from whom testimony is taken or is to be taken in this litigation, but that person may be shown the Confidential Information only in preparation for, and during, the testimony and may not retain the Confidential Information; and

*Gary Starns*

**Certified True and Correct Copy**
CertID: 2022060600028

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

e. The judge, the court staff, including the clerk, case manager, court reporter, or other person with access to Confidential Information by virtue of his or her position with the court, or the jury.

f. The Special Master, his designated deputy, and any mediator involved in resolving the case, who shall all be subject to these confidentiality provisions.

5. Before disclosing or displaying Confidential Information to any person, a party must:

   a. inform the person of the confidential nature of the information and documents; and

   b. inform the person that the court has enjoined the use of the information or documents for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(c) and (d) only on the condition that before any such display or discussion, each person must be asked to sign an agreement to be bound by this Order in the form attached as Exhibit 1. If the person refuses to sign an agreement in the form attached, the party seeking to disclose the Confidential Information may seek relief from the court.

7. The disclosure of a document or information without designating it as "Confidential Information" does not waive the right to designate the document or information as Confidential Information if the document or information is designated under this Order.

8. Documents or information filed with the court that is subject to confidential treatment under this Order, and any pleadings, motions, or other papers filed with the court disclosing any Confidential Information, must be filed under seal to the extent permitted by the law, rules, or court orders, and must be kept under seal until the court orders otherwise. To the extent the court requires any further act by the parties as a precondition to filing the documents or information under seal, the party filing the document or information is responsible for satisfying the requirements. If possible, only the confidential parts of documents of information filed with the court will be filed under seal.

9. At the conclusion of this litigation, the Confidential Information and any copies must be promptly (and in no event later than 60 days after entry of final judgment no longer subject to appeal) returned to the producing party or certified as destroyed, except that the parties' counsel may retain their working files on the condition that those files will remain confidential. Materials filed in the court will remain in the file unless the court orders their return.

10. Producing documents or information, including Confidential Information, in this litigation does not waive attorney-client privilege or work-product protection for the documents or information, under Louisiana Code of Evidence Article 502.

This Order shall not diminish the right of any party to apply to the court for a different or additional Protective Order relating to Confidential Information, to object to the production of documents or information, to apply to the court for an order compelling production of documents or information, or to modify this Order. Any party may seek enforcement of this Order, and any violation of this Order may be sanctioned by the Court.

**SO ORDERED** on this _18th_ day of _December_ 2021, at _Livingston_

Louisiana.

_Hon. Jeffrey Johnson_
District Judge, Div. A

_Hon. Charlotte H. Foster_
District Judge Div. B

**Certified True and Correct Copy**
CertID: 2022060600028

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Hon. Erika W. Sledge
District Judge, Div. C

Hon. Brian K. Abels
District Judge Div. D

Hon. Brenda Bedsole Ricks
Chief Judge; District Judge, Div. E

Hon. William S. Dykes
District Judge Div. F

12

Hurricane Ida
Interim Protective Order

**Certified True and
Correct Copy**
CertID: 2022060600028

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**EXHIBIT 1**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled _____ have been designated as confidential. I have been informed that any of the documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in the documents to any other person. I further agree not to use this information for any purpose other than this litigation.

_____    DATE: _____

Signed in the presence of:

_____

(Attorney)

13



**Certified True and Correct Copy**
CertID: 2022060600028

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

IN RE: HURRICANE IDA CLAIMS      :      STATE OF LOUISIANA

                                 :      PARISHES OF TANGIPAHOA,
                                        LIVINGSTON, AND ST. HELENA

                                 :      21ST JUDICIAL DISTRICT COURT

                                 *Olivia Russell*
                                 DEPUTY CLERK

**STANDING ORDER REGARDING INITIAL DISCOVERY PROTOCOLS IN CERTAIN PROPERTY DAMAGE SUITS ARISING FROM HURRICANES IDA**

This Court hereby **ORDERS** the that the following protocols for initial discovery disclosure ("Disaster Protocols") shall be observed in all cases involving first-party insurance property damage claims arising from Hurricane Ida ("Hurricane Cases"):

Within 45 days after the defendant's submission of a responsive pleading or motion, the parties must exchange any documents or information categorized under the Disaster Protocols, for any such time periods identified in the Disaster Protocols. All parties shall remain under an ongoing duty to supplement these responses. No extension or delay in the time to file responsive pleadings shall extend the Disclosure Deadline to more than 90 days from the service of the petition unless the extension is by the consent of all parties or pursuant to an express Order of this Court extending the Disclosure Deadline. A supplemental response is due 21 days prior to mediation.

A party may object to disclosure of these initial discovery materials *only* if the material falls within one of the categories specifically enumerated in the Disaster Protocols – including, but not limited to, attorney-client privileged material, or work-product protection, including any joint defense agreement. Should any party raise such an objection, the non-disclosing party shall provide a log of all material being withheld from disclosure, which shall include the specific grounds upon which the disclosure is being withheld.

If any party believes that there is good cause why a particular case should be exempted from the Disaster Protocols, in whole or in part, that party must file their objection with the court prior to the expiration of the 45-day period set forth herein.

1

**SO ORDERED** on this _18th_ day of _December_ 2021, at _Livingston_ Louisiana.

Hon. Jeffrey Johnson                       Hon. Charlotte H. Foster
District Judge, Div. A                      District Judge Div. B

Hon. Erika W. Sledge                        Hon. Brian K. Abels
District Judge, Div. C                      District Judge Div. D

Gary Stanga
Tangipahoa Parish
Clerk of Court

**Certified True and Correct Copy**
CertID: 2022060600028

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Hon. Brenda Bedsole Ricks
Chief Judge; District Judge, Div. E

Hon. William S. Dykes
District Judge Div. F

2

Hurricane Ida
Inital Discovery

**Certified True and Correct Copy**
CertID: 2022060600028

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

EXHIBIT "A"

## INITIAL DISCOVERY PROTOCOLS FOR FIRST-PARTY INSURANCE PROPERTY DAMAGE CASES ARISING FROM HURRICANE IDA

### PART 1: INTRODUCTION AND DEFINITIONS.

(1) Statement of purpose.

a. These Disaster Litigation Initial Discovery Protocols ("Disaster Protocols") apply to cases involving first-party insurance property damage claims arising from man-made or natural disasters ("Disaster Cases"). The Disaster Protocols are designed to be implemented by trial judges, lawyers, and litigants in state and federal courts. The Disaster Protocols make it easier and faster for the parties and their counsel to: (1) exchange important information and documents early in the case; (2) frame the issues to be resolved; (3) value the claims for possible early resolution; and (4) plan for more efficient and targeted subsequent formal discovery, if needed.

b. Participating courts may implement the Disaster Protocols by local rule or by standing, general, or individual-case orders. Although the Disaster Protocols are designed for the full range of case size and complexity, if any party believes that there is good cause why a case should be exempted, in whole or in part, from the Disaster Protocols, that party may raise the issue with the court.

c. The Disaster Protocols are not intended to preclude or modify any party's rights to formal discovery as provided by law, code or other applicable rules. Responses to the Disaster Protocols do not waive or foreclose a party's right to seek additional discovery under the applicable rules.

d. Except as modified by the court, the Disaster Protocols were prepared by a balanced group of highly experienced attorneys from across the country with expertise in Disaster Cases. The Disaster Protocols require parties to exchange information and documents routinely requested in every Disaster Case ("Initial Discovery"). This Initial Discovery is unlike initial disclosures under federal or state rules because it includes favorable as well as unfavorable information and documents, is limited to information and documents that are not subject to objection, and is limited to the information and documents most likely to be important and useful in facilitating early settlement discussion and resolving or narrowing the issues requiring further litigation

(2) Definitions. The following definitions apply to cases under the Disaster Protocols.

a. **_Claimed Loss._** "Claimed Loss" means the loss or damage that the Insured seeks to recover from the Insurer in the litigation.

3

**Certified True and Correct Copy**
CertID: 2022060600028

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

b. **Document.** "Document" and "documents" are defined to be synonymous in meaning and equal in scope to the phrase "documents or electronically stored information" in FRCP 34(a)(1)(A) or similar state rules. A draft of a document or a nonidentical copy is a separate document.

c. **Event.** "Event" means the disaster alleged to have caused the Insured's Claimed Loss.

d. **Identify (Documents).** When referring to documents, to "identify" means to describe, to the extent known: (i) the type of document; (ii) the general subject matter; (iii) the date; (iv) the author(s), according to the document; and (v) the person(s) to whom, according to the document, the document (or a copy) was to have been sent. Alternatively, to "identify" a document means to produce a copy.

e. **Identify (Natural Persons).** When referring to natural persons, to "identify" means to give the person's: (i) full name; (ii) present or last known address and telephone number; (iii) email address; (iv) present or last known place of employment; (v) present or last known job title; and (vi) relationship, if any, to the parties. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent requests to identify that person.

f. **Identify (Non-Natural Persons or Entities).** When referring to a corporate entity, partnership, or other unincorporated association, to "identify" means to give the: (i) corporate or entity name and, if known, the trade or other names under which it has done business during the relevant time period; (ii) state of incorporation or registration; (iii) address of its principal place of business; (iv) primary phone number; and (v) internet address. Once a corporate or other business entity has been identified in accordance with this subparagraph, only the name of that entity needs to be listed in response to subsequent requests to identify that entity.

g. **Insurer.** "Insurer" means any person or entity alleged to have insured the Property that is the subject of the operative complaint, unless otherwise specified.

h. **Insured.** "Insured" means any named individual(s), corporate entity(ies), partnership(s), or other unincorporated association(s) alleging property damage as an Insured in the litigation, or asserting a claim under an assignment.

i. **Loss.** "Loss" means damage to the Property caused by the Event.

j. **Other Insurance.** "Other Insurance" means any insurance policy, other than the Policy in force on the date of the Event, that covers or potentially covers the Property or the Claimed Loss.

k. **Policy.** "Policy" means the insurance policy alleged to cover some or all of Insured's Claimed Loss that is the subject of the Insured's claim in the litigation.

l. **Property.** "Property" means the property (building or contents) that the Insured claims coverage for under the Policy in the litigation.

m. **Relating to.** "Relating to" means concerning, referring, describing, evidencing, or constituting.

(3) Instructions.

a. The relevant time period for this Initial Discovery begins on the date immediately before the Event and ends 21 days prior to the mediation under the Court's SSP, unless a different time period is indicated with respect to a specific production obligation as set out in Part 2 or Part 3 below. The first disclosure is due 45 days

**Certified True and Correct Copy**
CertID: 2022060600028

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

from the date the defendant files responsive pleadings. A supplemental disclosure must be made 21 days prior to the mediation. In extraordinary circumstances of additional information that could not be provided previously coming into the possession of the responding party after the supplemental disclosure date, a second supplemental disclosure should be made before mediation.

b.  This Initial Discovery is presumptively not subject to any objections except for attorney-client privilege or work-product protection, including a joint defense agreement. Documents withheld based on a privilege or work-product protection claim are subject to expressly making the claim A detailed privilege log is required as specified in the applicable Case Management Order or any subsequent orders of the Court, otherwise documents withheld as privileged or work-product protected communications may be described briefly by category or type. Withholding documents on this basis does not alleviate any obligation to produce the withheld documents or additional information about them at a later date, if the court orders or the applicable rules require.

c.  If a partial or incomplete or "unknown at this time" answer or production is given to any disclosure requirement in these Disaster Protocols, the responding party must state the reason that the answer or production is partial, incomplete, or unknown and when supplemental information or documents providing a complete response will be produced.

d.  For this Initial Discovery, a party must disclose information and documents that the disclosing party has in its possession, custody, or control and that are reasonably available. This Initial Discovery is subject to obligations on supplementation and relevant requirements concerning certification of responses. This Initial Discovery does not preclude either party from seeking additional discovery later under the rules.

e.  This Initial Discovery is subject to the attached Interim Protective Order unless the parties agree or the court orders otherwise. The Interim Protective Order will remain in place until and unless the parties agree on, or the court orders, a different protective order. Absent party agreement or court order, the Interim Protective Order does not apply to subsequent discovery.

f.  Within 14 days after the later of entry of this Order or the filing of a responsive pleading by the responding party, the Parties shall meet and confer on the format (e.g., searchable PDF, Excel spreadsheet) for the production of documents under these Disaster Protocols. This will not delay the timeframes for Initial Discovery, absent court order. Nor will production in one format preclude requesting production in another format, if applicable rules of discovery allow.

**PART 2: INFORMATION AND DOCUMENTS TO BE PRODUCED BY THE INSURED.**

(1) Timing.
Unless the court orders otherwise, the Insured's Initial Discovery responses must be provided within 45 days after the Insurer has submitted a responsive pleading or motion (its first filing in this Court).

(2) Information to be produced by the Insured:
a.  A description of the Insured's ownership or other interest in the Property.

b.  The address of the Property (or location of movable Property) on the date of the Event.

c.  The name of each Insurer and all policy numbers for each Policy or Other Insurance held by or potentially benefitting the Insured or the Property on the date of the loss, including relevant policy and claim numbers for any claims.

d.  Identify any current mortgagee or other known lien holder.

**Certified True and Correct Copy**
CertID: 2022060600028

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

e. A computation of each item or type of Claimed Loss, including content claims if in dispute. When the Policy requires, the computation should reasonably identify or itemize price and quantity of materials.

f. Identify any payments received under the Policy relating to the Event. Identify the source and amount of any payments received after the Event from Other Insurance, or any other source, for all or any part of the Loss.

g. Identify any grant or other similar program that the Insured applied for after the Event, including a Small Business Administration loan, seeking payment for all or any part of the Loss.

h. Identify the public or other adjusters, estimators, inspectors, contractors, engineers, or other persons engaged by or on behalf of the Insured relating to the Claimed Loss.

i. With respect to any Other Insurance, all policy numbers, the name of each insurer, and claim and docket numbers for any claims made for coverage by the Insured on the same Property at issue in this litigation.

j. Identify the source and amount of any payments received after the Event from Other Insurance, or any other source, for all or any part of the Loss.

k. A general description, including the court and docket number, of any other lawsuits arising from the Event relating to the Property.

l. A general description of any known preexisting damage to the Property relating to the Claimed Loss.

m. A general description of any claims for property damage or lawsuits resulting from property damage in the past ten years relating to the Property.

n. Identify any sale, transfer, or foreclosure of the Property after the Event.

(3) Complete and unaltered copies of the following documents to be produced by the Insured:
a. Documents relating to the Claimed Loss, including: loss estimates; adjuster's reports; engineering reports; contractor's reports; estimates, bids, plans, or specifications regarding repair work (whether planned, in progress, or completed); photographs; videos; or other materials relating to the Claimed Loss, along with any receipts, invoices, and other records of actual costs to repair or replace the Claimed Loss. This shall include all reports or analyses, including draft reports, prepared on behalf of Insured.

b. Proofs of loss for the Claimed Loss.

c. Documents relied on by the Insured in generating any proof of loss required or provided under the Policy.

d. Written communications exchanged between the Insured and Insurer that refer or relate to Insured's Claimed Loss, the Property, or damages, or otherwise relating to the Insured's claim.

e. Photographs and videos of the Property taken for the purpose of documenting the condition of the Property, including photographs and videos of the Loss.

f. Written communications, photographs, or estimates of damages sought from or paid by any other insurer related to the Event.

g. The insurance policy with respect to any Other Insurance, and the claim numbers

**Certified True and Correct Copy**
CertID: 2022060600028

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

for claims made to recover Loss to the Property relating to the Event.

    h. Appraisals or surveys of the Property condition within five years before, or any time after, the Event.

    i. If there has been an appraisal under the Policy, documents relating to the appraisal process.

    j. Any other document(s) on which the Insured relies to support the Claimed Loss.

**PART 3: INFORMATION AND DOCUMENTS TO BE PRODUCED BY THE INSURER.**

  (1) Timing.

  **(2)** Unless the court orders otherwise, the Insurer's Initial Discovery responses must be provided within 45 days after the Insurer has submitted a responsive pleading or motion (its first filing in this Court in response or answer to the plaintiff's claim), or within 20 days of the date of this Order if that date is later. **The disclosures related to Insurers and the use of the term "Insurer" under this Part shall extend to anyone acting for or on behalf of the Insurer in relation to the claim of the Insured, including the employees, contractors, and agents of either the Insurer or anyone providing services to the Insurer related to the Insured's claim or Claimed Loss.**

  (3) Information to be produced by the Insurer:

    a. **If there is a dispute over coverage,** in whole or in part, an explanation of the Insurer's reason for the denial of coverage, including:
        i. Any exclusions or exceptions, or other coverage or legal defenses;
        ii. The factual basis for any exclusion, limitation, exception, or condition-based dispute or defense;
        iii. Whether there is also a dispute as to the value or amount of the Claimed Loss;
        iv. Any other basis on which coverage was denied.

    b. **If there is a dispute over all or part of the valuation,** an explanation of the Insurer's basis for disputing the value or amount of the Claimed Loss, including:
        i. The Insurer's understanding of the nature of the dispute;
        ii. The amount the Insurer disputes and the basis for that dispute, including any applicable Policy provisions that the Insurer alleges or believes are relevant to the dispute; and
        iii. The amount the Insurer agrees to pay, if any, with respect to any undisputed part of the Claimed Loss.

    c. Any Policy terms or conditions that the Insurer alleges the Insured failed to comply with, including conditions precedent or other terms.

    d. Any payments previously made under the Policy relating to the Event.

    e. A general description of any other basis for nonpayment of the Claimed Loss, in whole or in part.

    f. Any other Event-related lawsuits filed for the Property or the Insured.

    g. Identify the adjuster(s) who handled the claim.

    h. Identify the individual(s) who evaluated, recommended, made, approved, or rejected the claim decision.

    i. Identify the field personnel, estimators, inspectors, contractors, engineers, or other persons who participated in any investigation of the claims or the claims process, had any part relating to Insurer's evaluation process for the claims, or upon who the Insurer

**Certified True and Correct Copy**
CertID: 2022060600028

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

relied upon or received information from concerning Insurer's evaluation process or claim decision; and identify anyone who had any role in drafting, editing, reviewing, or approving any report(s), evaluation(s), or inspection(s) on behalf of Insurer involving the Insured's claim.

    j.  If preexisting damage is at issue in the litigation, a general description of any prior claims in the past ten years for the Property.

(4) Complete and unaltered copies of the following documents to be produced by the Insurer:

    a.  The entire claim file maintained by the Insurer.

    b.  The complete Policy in effect at the time of the Event.

    c.  Assessments of the Claimed Loss, including: loss reports, expert reports that contain any description or analysis of the scope of loss or any defenses under the Policy, damage assessments, adjuster's reports, engineering reports, contractor's reports, and estimates of repair or replacement. This shall include all reports or analyses, including all drafts, prepared as part of the evaluation or claims process involving Insured's claim by Insurer, or documents or records reviewed in any way in connection with Insurer's handling of the claim.

    d.  Photographs and videos of the Property taken for the purpose of documenting the condition of the Property, including photographs and videos of the Claimed Loss.

    e.  Any other evaluations of the Claimed Loss.

    f.  Documents containing recordings, transcripts, or notes of statements, conversations, or communications by or between the Insurer and the Insured relating to the Event.

    g.  Any claim log, journal, diary, or record maintained by the Insurer relating to the Claimed Loss. This includes all written records, written communications, records of oral communications, reports, audits, or other records, including any documents, envelopes, logs, notes, or other documents evidencing when Insurer came into possession of any such records, regarding any aspect of the Insured's claim or that are in any way relating to the Insurer's investigation into the Claimed Loss, Insurer's processing of Insured's claim (including adjustment, evaluation, and handling), or Insurer's claim decision.

    h.  The complete underwriting file maintained by the Insurer relating to the Property, its condition, or coverage.

    i.  Proofs of loss for the Claimed Loss.

    j.  If there has been an appraisal under the Policy, all documents relating to the appraisal process.

    k.  Any manuals, policies, directives, guidelines, instructions (whether written, electronic, or otherwise), literature, or similar written materials that would pertain to the Claimed Loss, Hurricane Ida claims generally, or to similar types of claims generally such that they would therefore be applicable to the Hurricane Cases including the Insured's claim. This includes any document that Insurer relied upon, or intends to rely upon, pertaining to industry guidelines, standard practices, or recommended practices for adjusting first party claims.

    l.  **For non-NFIP Claims,** written communications exchanged between the Insured and Insurer that refer or relate to Insured's Claimed Loss, Property, or damages, or otherwise relating to the Insured's claim.

**Certified True and Correct Copy**
CertID: 2022060600028

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

m. Any other document(s) on which the Insurer relies to support its defenses.

9

**Certified True and Correct Copy**
CertID: 2022060600028

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:39 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

From: Ashley Bowers       Fax: 15049106220       To:                    Fax: (985) 748-6746          Page: 4 of 16        04/25/2022 4:04 PM

Tangipahoa Parish Clerk of Court  20220001127
Filed Apr 25, 2022 4:04 PM          C
Iesha Brumfield
Deputy Clerk of Court

TWENTY-FIRST JUDICIAL DISTRICT COURT PARISH OF TANGIPAHOA

STATE OF LOUISIANA

NO.:                    DIVISION " "                SECTION

HOLLANDER COUNSELING AND CONSULTING, INC. AND
LITTLE SUNSHINE PROPERTIES, LLC

V.

MASSACHUSETTS BAY INSURANCE COMPANY

FILED: _____        _____
                                        DEPUTY CLERK

## PETITION FOR DAMAGES

The Petition of HOLLANDER COUNSELING AND CONSULTING, INC. and LITTLE

SUNSHINE PROPERTIES, LLC, who, through counsel, respectfully represent that:

I.

Made Plaintiffs herein are:

1. **HOLLANDER COUNSELING AND CONSULTING, INC.** a registered
   Louisiana corporation authorized to and doing business in in the Parish of
   Tangipahoa, State of Louisiana.

2. **LITTLE SUNSHINE PROPERTIES, LLC**, a Louisiana limited liability company,
   authorized to and doing business in in the Parish of Tangipahoa, State of Louisiana.

("Plaintiffs")

II.

Made Defendant herein is:

1. **MASSACHUSETTS BAY INSURANCE COMPANY**, a foreign insurer
   authorized to do and doing business in the State of Louisiana.

("Insurer Defendant")

III.

Venue is proper here under Louisiana Code of Civil Procedure articles 42(2) and 76 and

because the immovable property made subject of this suit is in this parish.

IV.

Plaintiffs are two Louisiana companies that own the property and business located at 509 E.

Thomas St., Hammond, Louisiana 70401 (the "Property"). Plaintiffs used the Property as a

psychologist's office and rented office space within the Property to other therapists for additional

Certified True and
Correct Copy
CertID: 2022060600029

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:40 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

business income.

### V.

During all relevant times, Plaintiffs had in place a contract with Insurer Defendant styled a businessowners insurance policy number ODO-D227712-02 (the "Policy"), for their business.

### VI.

On August 26, 2021, Hurricane Ida made landfall on southeast Louisiana with 150 mph winds. Hurricane Ida's winds damaged the Property extensively. And, as a result, Plaintiffs lost substantial amounts of business income and caused Plaintiffs' tenants to leave in search of new office space. Indeed, Hollander Counseling, Inc. also sought and obtained a lease for new office space due to the above-described damage.

### VII.

Plaintiffs promptly reported the resulting extensive damage to Insurer Defendant and its agents or representatives, who therefore knew almost immediately that the Property and the businesses therein had sustained severe physical, structural, and financial damage.

### VIII.

Even though they received sufficient proof of loss from Plaintiffs, Insurer Defendant (and its agents and representatives) failed to timely and adequately tender payment under the Policy. Insurer Defendant, and its agents and representatives, failed to timely adjust the claim, provide adequate payment for a clearly covered loss, or issue undisputed tenders within 30 days of satisfactory proof

**Certified True and Correct Copy**
CertID: 2022060600029

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:40 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

X.

The Policy also had Business Income and Extra Expense coverage that covers Plaintiffs' lost income due to the physical damage to the Property. Insurer Defendant's decision to not promptly pay the amounts Plaintiffs needed to repair the Property and get their business up and running resulted in more lost income than necessary because, had Insurer Defendant promptly and reasonably made the required performance under the Policy and Louisiana law, Plaintiffs would have been able to resume ordinary business sooner.

XI.

As of the date of the filing of this lawsuit, Insurer Defendant has not paid Plaintiffs that which the Policy requires it to pay. The actions of Insurer Defendant (and its agents and representatives) in failing to timely, fully, and fairly adjust Plaintiffs' claims are arbitrary, capricious, and without probable cause, making Insurer Defendant liable for damages, penalties and attorney fees provided under Louisiana Revised Statutes §§ 22:1892 and 22:1973.

XII.

Plaintiffs incorporate and reallege all allegations in the preceding paragraph and submit those allegations render Insurer Defendant liable to Plaintiffs due to Insurer Defendant's: (1) breach of contract; (2) negligent and/or bad faith claims adjusting; and (3) all other legal theories applicable to the facts alleged herein and the facts obtained in discovery.

XIII.

As a result of Hurricane Ida and as a result of Insurer Defendant's arbitrary and capricious claims adjusting, Plaintiffs have sustained, or will sustain, the following non-exclusive damages:

1. Extra Expense as defined in the Policy;

2. Lost business income;

3. Property damage;

4. Diminution in the value of Plaintiffs' businesses;

5. Decreased property value;

6. Interests and closing costs on loans taken to repair the property;

7. Loss of contents;

3

04/25/2022 MON 16:36  [JOB NO. 6022] 006

Gary Stanga

Tangipahoa Parish
Clerk of Court

Certified True and
Correct Copy
CertID: 2022060600029

Generated Date:
6/6/2022 9:40 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

8.  Loss of use and enjoyment of property;

9.  Repair and remediation expenses;

10. Extreme mental anguish, including inconvenience and aggravation;

11. Loss of business goodwill;

12. The penalties and damages described in Louisiana Revised Statutes §§ 22:1892 and 22:1973;

13. Attorney's fees and costs of this litigation; and

14. Any and all other damages which will be shown through discovery and proven at trial.

<div align="center">XIV.</div>

Plaintiffs also seek a judgment declaring that all of the above-described damages were the direct result of the winds of Hurricane Ida and Insurer Defendant's negligent and bad faith claims handling.

<div align="center">XV.</div>

Plaintiffs pray for trial by jury.

WHEREFORE, Plaintiffs, HOLLANDER COUNSELING AND CONSULTING, INC. and LITTLE SUNSHINE PROPERTIES, LLC, pray that Defendant, MASSACHUSETTS BAY INSURANCE COMPANY be served with a copy of this Petition and cited to appear and answer, and that after all legal delays pass and due proceedings are had, there be judgment rendered in favor of Plaintiffs and against Defendant, in an amount that will fully compensate Plaintiffs for the damages pursuant to the evidence and in accordance with the law, and specifically in an amount that exceeds the amount in controversy set out in 28 U.S.C. 1332(a); all sums with legal interest thereon from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

**SIGNATURE BLOCK AND SERVICE INSTRUCTIONS ON FOLLOWING PAGE**

<div align="center">4</div>

04/25/2022 MON 16:36  [JOB NO. 6022] ☑007

*Gary Stange*

<div align="center">Tangipahoa Parish
Clerk of Court</div>

**Certified True and Correct Copy**
CertID: 2022060600029

Generated Date:
6/6/2022 9:40 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

From: Ashley Bowers      Fax: 15049106220      To:          Fax: (985) 748-6746          Page: 8 of 16      04/25/2022 4:04 PM

Respectfully submitted,

**Marcelle Robertson Mestayer LLC**

Brian P. Marcelle (La. Bar No. 25156)
Alex T. Robertson (La. Bar No. 37285)
Jacques C. Mestayer (La. Bar. No. 37230)
650 Poydras St. Ste 2720
New Orleans, LA 70130
Phone: (504)910-6220
Fax:   (504)910-6800
brian@mrmlaw.com
alex@mrmlaw.com
jacques@mrmlaw.com

**PLEASE SERVE THE PETITION FOR DAMAGES AND ACCOMPANYING FIRST SET
OF WRITTEN DISCOVERY TO DEFENDANT ON:**

**Massachusetts Bay Insurance Company**
*Through its agent for service:*
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

5

04/25/2022 MON 16:36  [JOB NO. 6022] ☑008

**Certified True and
Correct Copy**
CertID: 2022060600029

_____
Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:40 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

TWENTY-FIRST JUDICIAL DISTRICT COURT PARISH OF TANGIPAHOA

STATE OF LOUISIANA

NO.:                    DIVISION " "                    SECTION

HOLLANDER COUNSELING AND CONSULTING, INC. AND
LITTLE SUNSHINE PROPERTIES, LLC

V.

MASSACHUSETTS BAY INSURANCE COMPANY

FILED: _____        _____
                                      DEPUTY CLERK

**PLAINTIFFS' FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT**

PLEASE SERVE:
MASSACHUSETTS BAY INSURANCE COMPANY
*Through its agent for service:*
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

**NOW INTO COURT**, through undersigned counsel come Plaintiffs, HOLLANDER

COUNSELING AND CONSULTING, INC. AND LITTLE SUNSHINE PROPERTIES, LLC,

who propound to Defendant, MASSACHUSETTS BAY INSURANCE COMPANY, the

following Interrogatories and Requests for Production to be answered fully, individually, in

writing, and under oath, under the provisions of the Louisiana Rules of Civil Procedure within 30

days after service; and in default of their full, complete, and timely answer, Plaintiffs demand that

you pay all reasonable attorney's fees, costs, and expenses of compelling answer to same.

**DEFINITIONS**

a) "You" or "Your" shall refer to the person, firm, entity or entities to whom this pleading is
   directed, or to any party, their officers, agents, servants, employees and attorneys, and
   anyone acting in active concert or participation with them.
b) "Subject property" shall refer to the property located at 509 E. Thomas St., Hammond,
   Louisiana 70401.
c) "Event" shall refer to Hurricane Ida.
d) "Communication" is any transmissions from one person to another, or in the presence of
   another, whether by written, oral, telephonic, electronic or by any other means.
e) "Document" means any printed, typewritten or handwritten instrument, of whatever
   character, or the physical expression of any means of storage of information, and included
   without limitation any correspondence, memorandum, agreement, letter, hand or
   typewritten note, computer print-out, computer tape, microfilm, microfiche; tape
   recording, photograph, motion picture, plat, diagram, survey, voice tape recordings, other

Certified True and
Correct Copy
CertID: 2022060600029

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:40 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

items of singular nature, originals and non-identical copies and where original and/or non-identical copies are available, the original and copies of all non-identical copies.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify the adjuster(s) who handled Plaintiffs' claim.

**INTERROGATORY NO. 2:**

Please identify all individuals who evaluated, recommended, made, approved, or rejected any claim decisions relating to Plaintiffs' claims.

**INTERROGATORY NO. 3:**

Please identify all field personnel, estimators, inspectors, contractors, engineers, or other persons who participated in any investigation of the claims or the claims process, had any part relating to your evaluation process for the claims, or upon whom you relied upon or received information from concerning your evaluation process or claim decision; and identify anyone who had any role in drafting, editing, reviewing, or approving any report(s), evaluation(s), or inspection(s) on behalf of you involving Plaintiffs' claim.

**INTERROGATORY NO. 4:**

Do you dispute, in whole or in part, that your policy provided coverage to Plaintiffs for the damage to his property caused by Hurricane Ida? If so, please state:

a) The policy provision or provisions upon which you are basing your denial of coverage;

b) The factual basis supporting your denial of coverage; and

c) The evidence relied upon to support the denial of coverage.

**INTERROGATORY NO. 5:**

Do you allege that Plaintiffs failed to comply with any of the insurance policy's terms or conditions? If so, please identify the term or condition that you allege Plaintiff failed to comply with and the factual basis for this allegation, and please explain how the alleged failure to comply prejudiced you.

2

**Certified True and Correct Copy**
CertID: 2022060600029

_Gary Stanga_

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:40 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**INTERROGATORY NO. 6:**

. Please identify all prior payments made pursuant to the policy related to Hurricane Ida, the date of the payment, the amount of the payment, and the coverage pursuant to which the payment was made.

**INTERROGATORY NO. 7:**

Do you dispute Plaintiffs' valuation of the claim? If so, please state your basis for disputing the amount of the loss, including:

a) Your explanation for the rejection of Plaintiffs' valuation of the amount owed;

b) Your valuation of Plaintiffs' loss and an explanation therefore;

c) Any documents or evidence supporting your rejection of Plaintiffs' valuation; and

d) Any documents or evidence supporting your evaluation of the amount owed under the policy.

**INTERROGATORY NO. 8:**

Do you claim that all or part of Plaintiffs' claimed damages pre-existed Hurricane Ida? If so, please explain the basis for your contention, including any documents supporting the contention.

**INTERROGATORY NO. 9:**

Please identify any witnesses, fact or expert, whom you plan to call at trial.

**INTERROGATORY NO. 10:**

Please identify any exhibits you plan to introduce at trial.

**INTERROGATORY NO. 11:**

Please list and describe any agreements between You and The Hanover Insurance Group that allowed The Hanover Insurance Group to acts as your agent or mandatary in the handling of this claim. You can forego this interrogatory by admitting The Hanover Insurance Group acted as your agent or mandatary in the handling of the claim made subject of this suit.

3

**Certified True and Correct Copy**
CertID: 2022060600029

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:40 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

## REQUESTS FOR PRODUCTION

<u>INSTRUCTIONS SPECIFIC TO THESE REQUESTS AND THIS CASE</u>: Please bates label all responsive documents, and when responding to these requests, specifically reference the bates range or label of responsive documents.

### REQUEST FOR PRODUCTION NO. 1:

Please produce a certified copy of the insurance policy in effect on August 29, 2021.

### REQUEST FOR PRODUCTION NO. 2:

Please produce your entire claims file regarding the subject property.

### REQUEST FOR PRODUCTION NO. 3:

Please produce all assessments relating to Plaintiffs' Hurricane Ida losses, including: loss reports, expert reports that contain any description or analysis of the scope of loss or any defenses under the policy, damage assessments, adjuster's reports, engineering reports, contractor's reports, and estimates of repair or replacement. This request includes all reports or analyses, including all drafts, prepared as part of the evaluation or claims process involving Plaintiffs' claim by you, or documents or records reviewed in any way in connection with your handling of the claim.

### REQUEST FOR PRODUCTION NO. 4:

Please produce any photographs or videos of the subject property in your possession, custody, or control, including but not limited to photographs and videos of the damages caused by Hurricane Ida.

### REQUEST FOR PRODUCTION NO. 5:

Please produce any evaluation of Plaintiffs' claimed loss from Hurricane Ida.

### REQUEST FOR PRODUCTION NO. 6:

Please produce any recordings, transcripts, and statements given by either Plaintiff or their representative relating to the Event.

### REQUEST FOR PRODUCTION NO. 7:

Please produce all notes regarding recordings, transcripts, or statements, given by either Plaintiff, relating to the Event.

4

Certified True and Correct Copy
CertID: 2022060600029

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:40 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**REQUEST FOR PRODUCTION NO. 8:**

Please produce all recorded or transcribed conversations or communications between the Plaintiffs and you or your representatives relating to the Event.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all notes regarding conversations or communications between the Plaintiffs and you or your representatives relating to the Event.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce all claims notes made by you or your representatives, including Jeffrey Carlin and Felicia Juvera, relating to Plaintiffs' Hurricane Ida claim.

**REQUEST FOR PRODUCTION NO. 11:**

As it pertains to this case, please produce all emails, correspondence, any other written communication, or any notes of an oral conversation, for all communications between The Hanover Insurance Group and its employees on one hand, and any engineer or field adjuster on the other hand.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce all claim logs, journals, diaries, or records maintained by you or your agents and representatives relating to Plaintiffs' claims for damage from Hurricane Ida. This request includes all written records, written communications, records of oral communications, reports, audits, or other records, including any documents, envelopes, logs or other documents evidencing when you came into possession of any such records, regarding any aspect of the Plaintiffs' claim or that are in any way relating to your investigation into the Plaintiffs' claims for damage from Hurricane Ida, your processing of Plaintiffs' claim (including adjustment, evaluation, and handling), or your claim decision.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce your complete underwriting file relating to Plaintiffs' insured property.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce any proofs of loss relating to Plaintiffs' claims for damage from Hurricane Ida.

5

**Certified True and Correct Copy**
CertID: 2022060600029

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:40 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**REQUEST FOR PRODUCTION NO. 15:**

Please produce any appraisals done pursuant to Plaintiffs' policy with you.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce all estimates or reports relating to the damages to Plaintiffs' property arising, or allegedly arising, out of the Event.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce all manuals, policies, directives, guidelines, instructions (whether written, electronic, or otherwise), literature, or similar written materials that would pertain to the Plaintiffs' claims, Hurricane Ida claims generally, or to similar types of claims generally such that they would therefore be applicable to hurricane claims. This includes any document that you relied upon, or intend to rely upon, pertaining to industry or company guidelines, standard practices, or recommended practices for adjusting first party claims.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce all documents you intend to introduce into evidence at trial.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce all emails and communications between Jeffrey Carlin on one hand Felicia Juvera on the other.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all documents furnished to, reviewed by, or generated by any person who will or may be called as an expert witness in this matter.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce all loss reserves for Plaintiffs' Hurricane Ida claims.

**REQUEST FOR PRODUCTION NO. 22:**

Please produce the complete reserve history for Plaintiffs' Hurricane Ida claims.

**REQUEST FOR PRODUCTION NO. 23:**

Please produce all guidance documents used or referred to by you or your representatives to determine or set reserve amounts for first party property claims, such as hurricane-related property claims.

6

04/25/2022 MON 16:36    [JOB NO. 6022]    014

**Certified True and Correct Copy**
CertID: 2022060600029

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:40 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**REQUEST FOR PRODUCTION NO. 24:**

Please produce any contract or agreement between You and The Hanover Insurance Group that allowed The Hanover Insurance Group to acts as your agent or mandatary in the handling of this claim. You can forego this request by admitting The Hanover Insurance Group acted as your agent or mandatary in the handling of the claim made subject of this suit.

**REQUEST FOR PRODUCTION NO. 25:**

All additions, revisions, deletions, or other changes that have been made in the claims manual used to evaluate, handle, adjust, or process Plaintiffs' Ida claim(s), from the time the claim(s) was first submitted up to and including the present.

**REQUEST FOR PRODUCTION NO. 26:**

All additions, revisions, deletions, or other changes that have been made in the underwriting manual used to evaluate, handle, adjust, or process Plaintiffs' Hurricane Ida claim(s), from the time the claim(s) was first submitted up to and including the present.

**REQUEST FOR PRODUCTION NO. 27:**

Please produce all inter-office memoranda or correspondence between your employees discussing, explaining, or mentioning the denial of Plaintiffs' Hurricane Ida claim(s), or any portion of Plaintiffs' claim(s).

**REQUEST FOR PRODUCTION NO. 28:**

Please produce a privilege log of all documents withheld in response to the above requests on the basis of privilege, work product, or confidentiality. The privilege log should contain the following information:

 a. the name of the sender, if any, of the document;

 b. the name of the author of the document;

 c. name of the person, if any, to whom the document and copies were sent;

 d. a description of the nature and subject matter of the document;

 e. the statute, rule, or decision which is claimed to give rise to the privilege;

 f. the last known custodian of the document and the present location of the document;

 g. attachments to the document;

 h. the number of pages comprising the document;

 i. whether the document was handwritten, typewritten or otherwise prepared; and

7

**Certified True and Correct Copy**
CertID: 2022060600029

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:40 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

j.   any other information which is useful in identifying or is necessary to identify the
     document.

Respectfully submitted,

Marcelle Robertson Mestayer LLC

Brian P. Marcelle (La. Bar No. 25156)
Alex T. Robertson (La. Bar. No. 37285)
Jacques C. Mestayer (La. Bar. No. 37230)
650 Poydras St. Ste 2720
New Orleans, LA 70130
Phone: (504)910-6220
Fax:    (504)910-6800
brian@mrmlaw.com
alex@mrmlaw.com
jacques@mrmlaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of this discovery accompanied the Petition for Damages in this case,
filed on April 25, 2022.

Alex T. Robertson (La. Bar No. 37285)

8

04/25/2022 MON 16:36  [JOB NO. 6022]⧄016

**Certified True and Correct Copy**
CertID: 2022060600029

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:40 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

# Uniti Fiber Fax Service

FAX **DELIVERY** NOTIFICATION

Tangipahoa Parish Clerk of Court 20220001127
Filed Apr 26, 2022 1:56 PM C
Iesha Brumfield
Deputy Clerk of Court

Account: FB9857486746
4/26/2022 1:56:48 PM

The following fax was **successfully** sent to the specified recipient.

**Fax Number:** **15049106800**
Remote CSID: HFR (station ID of receiving fax device)
Pages: 1
Status: No errors

## FAX TRANSMISSION DETAILS

Sent On: 4/26/2022 1:57:44 PM
Duration: 62 seconds
Speed: 14400 bps
Retries: 0
Event ID: 1c3d5caf-187c-40d6-9796-5c84f33780b0

*FAX FILING CONFIRMATION*

HOLLANDER COUNSELING AND CONSULTING INC

VS

MASSACHUSETTS BAY INSURANCE COMPANY

CLERK OF COURT

DOCKET NUMBER: C-20220001127
Division: C
21st Judicial District Court
Parish of Tangipahoa
State of Louisiana

*APRIL 26, 2022*

*Attn: BRIAN P MARCELLE*
*Fax Number: 504-910-6500*

*We have received your fax filing on 4/25/2022 of the following pleadings:*

*1008-PETITION-HURRICANE IDA 13 PAGES*
*5172-CASE MANAGEMENT ORDER 27 PAGES*
*45-COVER SHEET 1 PAGE*
*59-COVER LETTER 2 PAGES*

*Cost of filing said document will be $470.00.*

*Within 7 days, exclusive of legal holidays, of the above mentioned receipt date you are required to forward the following:*

a. *Original signed documents*
b. *Applicable filing fee*
c. *Transmission fee of $5.00 (included in above filing fee)*
d. *If exhibits are to accompany the original pleading(s) mentioned above, please add $2.00/ page to the above fee.*

*If you fail to comply with the requirements above the fax filing shall have no force or effect (R.S. 13:850)*

*NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.*

*SERVICES/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENT(S).*

*IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENT(S) IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.*

*Please remit additional separate check(s) made payable to and in the amount requested below:*

*Please send an additional check for the Sheriff of EAST BATON ROUGE in the amount of $40.08 along for service.*

*Please send an additional check for the Sheriff of in the amount of along for service.*

*Please send an additional check for the Secretary of State in the amount of along for service.*

Deputy Clerk of Court for
GARY STANGA, Clerk of Court

CIVIL E-FILING IS AVAILABLE
VISIT WWW.CLERKCONNECT.COM

04/26/2022 TUE 15:01 [JOB NO. 6060] 001

Uniti Fiber

Certified True and Correct Copy
CertID: 2022060600030

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:41 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).



**MARCELLE ROBERTSON MESTAYER** LLC

ATTORNEYS AT LAW

650 Poydras St., Ste. 2720
New Orleans, LA 70130
Ph: 504-910-6220
Fax: 504-910-6800
mrmlaw.com

April 25, 2022

Tangipahoa Parish Clerk of Court  20220001127
Filed Apr 29, 2022 9:38 AM            C
Debi McCoy
Deputy Clerk of Court
FAX Received Apr 25, 2022

*Via Facsimile: (985) 748-6746*
Tangipahoa Parish Clerk of Court
110 N. Bay St., Suite 100
Amite, LA 70422

RE:   Hollander Counseling & Consulting, et al. v. Massachusetts Bay
        Insurance Company
        NEW PETITION

Dear Sir/Madam:

    Please find enclosed Plaintiff's Petition for Damages along with discovery requests for filing with the court in the above-referenced matter. Please kindly let us know the filing and service costs and we will remit a check along with the original and service copies in the next seven (7) days.

                                        Sincerely,

                                        Alex T. Robertson

Enclosure

2022 APR 29 AM 9:38
GARY STANGA
CLERK OF COURT
TANGIPAHOA PARISH, LA

**Certified True and Correct Copy**
CertID: 2022060600031

*Gary Stanga*

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:41 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

## FAX FILING CONFIRMATION

HOLLANDER COUNSELING AND CONSULTING
INC

VS

MASSACHUSETTS BAY INSURANCE
COMPANY

**CLERK OF COURT**
TANGIPAHOA PARISH
GARY STANGA

DOCKET NUMBER: C-
20220001127
Division: C
21st Judicial District Court
Parish of Tangipahoa
State of Louisiana

*APRIL 26, 2022*

*Attn: BRIAN P MARCELLE*
*Fax Number: 504-910-6800*

*We have received your fax filing on 4/25/2022 of the following pleadings:*

| | |
|---|---|
| 1008-PETITION-HURRICANE IDA | 13 PAGES |
| 5172-CASE MANAGEMENT ORDER | 27 PAGES |
| 45-COVER SHEET | 1 PAGE |
| 59-COVER LETTER | 2 PAGES |

 *Cost of filing said document will be $470.00.*

*Within 7 days, exclusive of legal holidays, of the above mentioned receipt date you are required to forward the following:*
a. *Original signed document*
b. *Applicable filing fee*
c. *Transmission fee of $5.00 (included in above filing fee)*
d. *If exhibits are to accompany the original pleading(s) mentioned above, please add $2.00/ page to the above fee.*
*If you fail to comply with the requirements above the fax filing shall have no force or effect (R.S. 13:850)*

*NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.*

*SERVICES/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENT(S).*

*IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENT(S) IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.*

*Please remit additional separate check(s) made payable to and in the amount requested below:*

*Please send an additional check for the Sheriff of EAST BATON ROUGE in the amount of $40.08 along for service.*

*Please send an additional check for the Sheriff of    in the amount of    along for service.*

*Please send an additional check for the Secretary of State in the amount of    along for service.*

2022 APR 29  AM 9: 33
GARY STANGA
CLERK OF COURT
TANGIPAHOA PARISH, LA

_____
Deputy Clerk of Court for
*GARY STANGA*, Clerk of Court

# CIVIL E-FILING IS AVAILABLE
# VISIT WWW.CLERKCONNECT.COM

**Certified True and
Correct Copy**
CertID: 2022060600031

*Gary Stanga*
_____
Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:41 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**LOUISIANA CIVIL CASE REPORTING**
Civil Case Cover Sheet - LA. R.S. 13:4688 and
Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

Suit Caption: _Hollander Counseling & Consulting, Inc., et al_

vs.

_Massachusetts Bay Insurance Company_

Court: _Tangipahoa 21st JDC_    Docket Number: _____

Tangipahoa Parish Clerk of Court 20220001127
Filed Apr 29, 2022 9:38 AM    C
Debit McCoy
Deputy Clerk of Court
FAX Received Apr 25, 2022

Parish of Filing: _Tangipahoa_    Filing Date: _4-22-22_

Name of Lead Petitioner's Attorney: _Alex Roberson_

Name of Self-Represented Litigant:_____

Number of named petitioners: _7_    Number of named defendants: _1_

Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):

☐ Auto: Personal Injury
☐ Auto: Wrongful Death
☐ Asbestos: Property Damage
☐ Product Liability
☐ Intentional Bodily Injury
☐ Intentional Wrongful Death
☐ Business Tort
☐ Defamation
☐ Environmental Tort
☐ Intellectual Property
☐ Legal Malpractice
☐ Other Professional Malpractice
☐ Maritime
☐ Wrongful Death
☐ General Negligence

☐ Auto: Property Damage
☐ Auto: Uninsured Motorist
☐ Asbestos: Personal Injury/Death
☐ Premise Liability
☐ Intentional Property Damage
☐ Unfair Business Practice
☐ Fraud
☐ Professional Negligence
☐ Medical Malpractice
☐ Toxic Tort
☒ Other Tort (describe below)
☐ Redhibition
☐ Class action (nature of case)
_Breach of contract_

Please briefly describe the nature of the litigation in one sentence of additional detail:
_Breach of contract - Hurricane Ida_

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name _Ashley Bowers_    Signature _Ashley Bowers_

Address _650 Poydras St. St. 2750, New Orleans, LA 70130_

Phone number: _(504) 910-6220_    E-mail address: _Ashley@mcmlaw.com_

_Gary Stanga_

Certified True and
Correct Copy
CertID: 2022060600032

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:42 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Tangipahoa Parish Clerk of Court    20220001127
Filed Apr 29, 2022 9:38 AM                    C
Debi McCoy
Deputy Clerk of Court
FAX Received Apr 25, 2022

TWENTY-FIRST JUDICIAL DISTRICT COURT PARISH OF TANGIPAHOA

STATE OF LOUISIANA

NO.: _____        DIVISION "    "              SECTION

HOLLANDER COUNSELING AND CONSULTING, INC. AND
LITTLE SUNSHINE PROPERTIES, LLC

V.

MASSACHUSETTS BAY INSURANCE COMPANY

FILED: _____        _____
                                      DEPUTY CLERK

## PETITION FOR DAMAGES

The Petition of HOLLANDER COUNSELING AND CONSULTING, INC. and LITTLE SUNSHINE PROPERTIES, LLC, who, through counsel, respectfully represent that:

I.

Made Plaintiffs herein are:

1. **HOLLANDER COUNSELING AND CONSULTING, INC.** a registered Louisiana corporation authorized to and doing business in in the Parish of Tangipahoa, State of Louisiana.

2. **LITTLE SUNSHINE PROPERTIES, LLC,** a Louisiana limited liability company, authorized to and doing business in in the Parish of Tangipahoa, State of Louisiana.

("Plaintiffs")

II.

Made Defendant herein is:

1. **MASSACHUSETTS BAY INSURANCE COMPANY,** a foreign insurer authorized to do and doing business in the State of Louisiana.

("Insurer Defendant")

III.

Venue is proper here under Louisiana Code of Civil Procedure articles 42(2) and 76 and because the immovable property made subject of this suit is in this parish.

IV.

Plaintiffs are two Louisiana companies that own the property and business located at 509 E. Thomas St., Hammond, Louisiana 70401 (the "Property"). Plaintiffs used the Property as a psychologist's office and rented office space within the Property to other therapists for additional

GARY STANGA
CLERK OF COURT
TANGIPAHOA PARISH, LA
2022 APR 29 AM 9:38

*Gary Stanga*

_____
Tangipahoa Parish
Clerk of Court

**Certified True and
Correct Copy**
CertID: 2022060600040

Generated Date:
6/6/2022 9:43 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

business income.

## V.

During all relevant times, Plaintiffs had in place a contract with Insurer Defendant styled a businessowners insurance policy number ODO-D227712-02 (the "Policy"), for their business.

## VI.

On August 26, 2021, Hurricane Ida made landfall on southeast Louisiana with 150 mph winds. Hurricane Ida's winds damaged the Property extensively. And, as a result, Plaintiffs lost substantial amounts of business income and caused Plaintiffs' tenants to leave in search of new office space. Indeed, Hollander Counseling, Inc. also sought and obtained a lease for new office space due to the above-described damage.

## VII.

Plaintiffs promptly reported the resulting extensive damage to Insurer Defendant and its agents or representatives, who therefore knew almost immediately that the Property and the businesses therein had sustained severe physical, structural, and financial damage.

## VIII.

Even though they received sufficient proof of loss from Plaintiffs, Insurer Defendant (and its agents and representatives) failed to timely and adequately tender payment under the Policy. Insurer Defendant, and its agents and representatives, failed to timely adjust the claim, provide adequate payment for a clearly covered loss, or issue undisputed tenders within 30 days of satisfactory proof of loss, all of which are violations of the Policy and Louisiana law. Coverage under the policy remains available and is due to the Plaintiffs herein. As a result, Insurer Defendant violated Louisiana Revised Statutes §§ 22:1892 and 22:1973.

## IX.

Insurer Defendant provided insurance coverage for the damages and risks described in this Petition. The Policy contained coverage for all the damage sustained at the Property to which Plaintiffs are entitled, including but not limited to property damages coverage, contents, loss of use, recoverable depreciation, as well as all repair/replacement costs.

2

**Certified True and Correct Copy**
CertID: 2022060600040

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:43 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

X.

The Policy also had Business Income and Extra Expense coverage that covers Plaintiffs' lost income due to the physical damage to the Property. Insurer Defendant's decision to not promptly pay the amounts Plaintiffs needed to repair the Property and get their business up and running resulted in more lost income than necessary because, had Insurer Defendant promptly and reasonably made the required performance under the Policy and Louisiana law, Plaintiffs would have been able to resume ordinary business sooner.

XI.

As of the date of the filing of this lawsuit, Insurer Defendant has not paid Plaintiffs that which the Policy requires it to pay. The actions of Insurer Defendant (and its agents and representatives) in failing to timely, fully, and fairly adjust Plaintiffs' claims are arbitrary, capricious, and without probable cause, making Insurer Defendant liable for damages, penalties and attorney fees provided under Louisiana Revised Statutes §§ 22:1892 and 22:1973.

XII.

Plaintiffs incorporate and reallege all allegations in the preceding paragraph and submit those allegations render Insurer Defendant liable to Plaintiffs due to Insurer Defendant's: (1) breach of contract; (2) negligent and/or bad faith claims adjusting; and (3) all other legal theories applicable to the facts alleged herein and the facts obtained in discovery.

XIII.

As a result of Hurricane Ida and as a result of Insurer Defendant's arbitrary and capricious claims adjusting, Plaintiffs have sustained, or will sustain, the following non-exclusive damages:

1. Extra Expense as defined in the Policy;

2. Lost business income;

3. Property damage;

4. Diminution in the value of Plaintiffs' businesses;

5. Decreased property value;

6. Interests and closing costs on loans taken to repair the property;

7. Loss of contents;

3

**Certified True and Correct Copy**
CertID: 2022060600040

*Gary Stanga*

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:43 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

8.  Loss of use and enjoyment of property;

9.  Repair and remediation expenses;

10. Extreme mental anguish, including inconvenience and aggravation;

11. Loss of business goodwill;

12. The penalties and damages described in Louisiana Revised Statutes §§ 22:1892 and 22:1973;

13. Attorney's fees and costs of this litigation; and

14. Any and all other damages which will be shown through discovery and proven at trial.

<div align="center">XIV.</div>

Plaintiffs also seek a judgment declaring that all of the above-described damages were the direct result of the winds of Hurricane Ida and Insurer Defendant's negligent and bad faith claims handling.

<div align="center">XV.</div>

Plaintiffs pray for trial by jury.

WHEREFORE, Plaintiffs, HOLLANDER COUNSELING AND CONSULTING, INC. and LITTLE SUNSHINE PROPERTIES, LLC, pray that Defendant, MASSACHUSETTS BAY INSURANCE COMPANY be served with a copy of this Petition and cited to appear and answer, and that after all legal delays pass and due proceedings are had, there be judgment rendered in favor of Plaintiffs and against Defendant, in an amount that will fully compensate Plaintiffs for the damages pursuant to the evidence and in accordance with the law, and specifically in an amount that exceeds the amount in controversy set out in 28 U.S.C. 1332(a); all sums with legal interest thereon from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

**SIGNATURE BLOCK AND SERVICE INSTRUCTIONS ON FOLLOWING PAGE**

<div align="center">4</div>

Certified True and
Correct Copy
CertID: 2022060600040

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:43 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Respectfully submitted,

**Marcelle Robertson Mestayer LLC**

Brian P. Marcelle (La. Bar No. 25156)
Alex T. Robertson (La. Bar No. 37285)
Jacques C. Mestayer (La. Bar. No. 37230)
650 Poydras St. Ste 2720
New Orleans, LA 70130
Phone: (504)910-6220
Fax:     (504)910-6800
brian@mrmlaw.com
alex@mrmlaw.com
jacques@mrmlaw.com

**PLEASE SERVE THE PETITION FOR DAMAGES AND ACCOMPANYING FIRST SET
OF WRITTEN DISCOVERY TO DEFENDANT ON:**

**Massachusetts Bay Insurance Company**
*Through its agent for service:*
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

5



**Certified True and
Correct Copy**
CertID: 2022060600040

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:43 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Tangipahoa Parish Clerk of Court    20220001127
Filed Apr 29, 2022 9:38 AM              C
Debi McCoy
Deputy Clerk of Court
FAX Received Apr 25, 2022

TWENTY-FIRST JUDICIAL DISTRICT COURT PARISH OF TANGIPAHOA

STATE OF LOUISIANA

NO.:                          DIVISION " "                          SECTION

HOLLANDER COUNSELING AND CONSULTING, INC. AND
LITTLE SUNSHINE PROPERTIES, LLC

V.

MASSACHUSETTS BAY INSURANCE COMPANY

FILED: _____        _____
                                                        DEPUTY CLERK

### PLAINTIFFS' FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT

**PLEASE SERVE:**
MASSACHUSETTS BAY INSURANCE COMPANY
*Through its agent for service:*
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

**NOW INTO COURT,** through undersigned counsel come Plaintiffs, HOLLANDER

COUNSELING AND CONSULTING, INC. AND LITTLE SUNSHINE PROPERTIES, LLC,

who propound to Defendant, MASSACHUSETTS BAY INSURANCE COMPANY, the

following Interrogatories and Requests for Production to be answered fully, individually, in

writing, and under oath, under the provisions of the Louisiana Rules of Civil Procedure within 30

days after service; and in default of their full, complete, and timely answer, Plaintiffs demand that

you pay all reasonable attorney's fees, costs, and expenses of compelling answer to same.

### DEFINITIONS

a) "You" or "Your" shall refer to the person, firm, entity or entities to whom this pleading is directed, or to any party, their officers, agents, servants, employees and attorneys, and anyone acting in active concert or participation with them.

b) "Subject property" shall refer to the property located at 509 E. Thomas St., Hammond, Louisiana 70401.

c) "Event" shall refer to Hurricane Ida.

d) "Communication" is any transmissions from one person to another, or in the presence of another, whether by written, oral, telephonic, electronic or by any other means.

e) "Document" means any printed, typewritten or handwritten instrument, of whatever character, or the physical expression of any means of storage of information, and included without limitation any correspondence, memorandum, agreement, letter, hand or typewritten note, computer print-out, computer tape, microfilm, microfiche, tape recording, photograph, motion picture, plat, diagram, survey, voice tape recordings, other

Certified True and
Correct Copy
CertID: 2022060600041

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:43 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

items of singular nature, originals and non-identical copies and where original and/or non-identical copies are available, the original and copies of all non-identical copies.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify the adjuster(s) who handled Plaintiffs' claim.

**INTERROGATORY NO. 2:**

Please identify all individuals who evaluated, recommended, made, approved, or rejected any claim decisions relating to Plaintiffs' claims.

**INTERROGATORY NO. 3:**

Please identify all field personnel, estimators, inspectors, contractors, engineers, or other persons who participated in any investigation of the claims or the claims process, had any part relating to your evaluation process for the claims, or upon whom you relied upon or received information from concerning your evaluation process or claim decision; and identify anyone who had any role in drafting, editing, reviewing, or approving any report(s), evaluation(s), or inspection(s) on behalf of you involving Plaintiffs' claim.

**INTERROGATORY NO. 4:**

Do you dispute, in whole or in part, that your policy provided coverage to Plaintiffs for the damage to his property caused by Hurricane Ida? If so, please state:

a) The policy provision or provisions upon which you are basing your denial of coverage;

b) The factual basis supporting your denial of coverage; and

c) The evidence relied upon to support the denial of coverage.

**INTERROGATORY NO. 5:**

Do you allege that Plaintiffs failed to comply with any of the insurance policy's terms or conditions? If so, please identify the term or condition that you allege Plaintiff failed to comply with and the factual basis for this allegation, and please explain how the alleged failure to comply prejudiced you.

2

**Certified True and Correct Copy**
CertID: 2022060600041

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:43 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**INTERROGATORY NO. 6:**

Please identify all prior payments made pursuant to the policy related to Hurricane Ida, the date of the payment, the amount of the payment, and the coverage pursuant to which the payment was made.

**INTERROGATORY NO. 7:**

Do you dispute Plaintiffs' valuation of the claim? If so, please state your basis for disputing the amount of the loss, including:

 a) Your explanation for the rejection of Plaintiffs' valuation of the amount owed;

 b) Your valuation of Plaintiffs' loss and an explanation therefore;

 c) Any documents or evidence supporting your rejection of Plaintiffs' valuation; and

 d) Any documents or evidence supporting your evaluation of the amount owed under the policy.

**INTERROGATORY NO. 8:**

Do you claim that all or part of Plaintiffs' claimed damages pre-existed Hurricane Ida? If so, please explain the basis for your contention, including any documents supporting the contention.

**INTERROGATORY NO. 9:**

Please identify any witnesses, fact or expert, whom you plan to call at trial.

**INTERROGATORY NO. 10:**

Please identify any exhibits you plan to introduce at trial.

**INTERROGATORY NO. 11:**

Please list and describe any agreements between You and The Hanover Insurance Group that allowed The Hanover Insurance Group to acts as your agent or mandatary in the handling of this claim. You can forego this interrogatory by admitting The Hanover Insurance Group acted as your agent or mandatary in the handling of the claim made subject of this suit.

3

**Certified True and Correct Copy**
CertID: 2022060600041

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:43 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

## REQUESTS FOR PRODUCTION

INSTRUCTIONS SPECIFIC TO THESE REQUESTS AND THIS CASE: Please bates label all responsive documents, and when responding to these requests, specifically reference the bates range or label of responsive documents.

**REQUEST FOR PRODUCTION NO. 1:**

Please produce a certified copy of the insurance policy in effect on August 29, 2021.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce your entire claims file regarding the subject property.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all assessments relating to Plaintiffs' Hurricane Ida losses, including: loss reports, expert reports that contain any description or analysis of the scope of loss or any defenses under the policy, damage assessments, adjuster's reports, engineering reports, contractor's reports, and estimates of repair or replacement. This request includes all reports or analyses, including all drafts, prepared as part of the evaluation or claims process involving Plaintiffs' claim by you, or documents or records reviewed in any way in connection with your handling of the claim.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce any photographs or videos of the subject property in your possession, custody, or control, including but not limited to photographs and videos of the damages caused by Hurricane Ida.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce any evaluation of Plaintiffs' claimed loss from Hurricane Ida.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce any recordings, transcripts, and statements given by either Plaintiff or their representative relating to the Event.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all notes regarding recordings, transcripts, or statements, given by either Plaintiff, relating to the Event.

4

Certified True and
Correct Copy
CertID: 2022060600041

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:43 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**REQUEST FOR PRODUCTION NO. 8:**

Please produce all recorded or transcribed conversations or communications between the Plaintiffs and you or your representatives relating to the Event.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all notes regarding conversations or communications between the Plaintiffs and you or your representatives relating to the Event.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce all claims notes made by you or your representatives, including Jeffrey Carlin and Felicia Juvera, relating to Plaintiffs' Hurricane Ida claim.

**REQUEST FOR PRODUCTION NO. 11:**

As it pertains to this case, please produce all emails, correspondence, any other written communication, or any notes of an oral conversation, for all communications between The Hanover Insurance Group and its employees on one hand, and any engineer or field adjuster on the other hand.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce all claim logs, journals, diaries, or records maintained by you or your agents and representatives relating to Plaintiffs' claims for damage from Hurricane Ida. This request includes all written records, written communications, records of oral communications, reports, audits, or other records, including any documents, envelopes, logs or other documents evidencing when you came into possession of any such records, regarding any aspect of the Plaintiffs' claim or that are in any way relating to your investigation into the Plaintiffs' claims for damage from Hurricane Ida, your processing of Plaintiffs' claim (including adjustment, evaluation, and handling), or your claim decision.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce your complete underwriting file relating to Plaintiffs' insured property.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce any proofs of loss relating to Plaintiffs' claims for damage from Hurricane Ida.

5

**Certified True and Correct Copy**
CertID: 2022060600041

Tangipahoa Parish
Clerk of Court

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**REQUEST FOR PRODUCTION NO. 15:**

Please produce any appraisals done pursuant to Plaintiffs' policy with you.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce all estimates or reports relating to the damages to Plaintiffs' property arising, or allegedly arising, out of the Event.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce all manuals, policies, directives, guidelines, instructions (whether written, electronic, or otherwise), literature, or similar written materials that would pertain to the Plaintiffs' claims, Hurricane Ida claims generally, or to similar types of claims generally such that they would therefore be applicable to hurricane claims. This includes any document that you relied upon, or intend to rely upon, pertaining to industry or company guidelines, standard practices, or recommended practices for adjusting first party claims.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce all documents you intend to introduce into evidence at trial.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce all emails and communications between Jeffrey Carlin on one hand Felicia Juvera on the other.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all documents furnished to, reviewed by, or generated by any person who will or may be called as an expert witness in this matter.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce all loss reserves for Plaintiffs' Hurricane Ida claims.

**REQUEST FOR PRODUCTION NO. 22:**

Please produce the complete reserve history for Plaintiffs' Hurricane Ida claims.

**REQUEST FOR PRODUCTION NO. 23:**

Please produce all guidance documents used or referred to by you or your representatives to determine or set reserve amounts for first party property claims, such as hurricane-related property claims.

6

Certified True and Correct Copy
CertID: 2022060600041

*Gary Stango*

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:43 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**REQUEST FOR PRODUCTION NO. 24**:

Please produce any contract or agreement between You and The Hanover Insurance Group that allowed The Hanover Insurance Group to acts as your agent or mandatary in the handling of this claim. You can forego this request by admitting The Hanover Insurance Group acted as your agent or mandatary in the handling of the claim made subject of this suit.

**REQUEST FOR PRODUCTION NO. 25**:

All additions, revisions, deletions, or other changes that have been made in the claims manual used to evaluate, handle, adjust, or process Plaintiffs' Ida claim(s), from the time the claim(s) was first submitted up to and including the present.

**REQUEST FOR PRODUCTION NO. 26**:

All additions, revisions, deletions, or other changes that have been made in the underwriting manual used to evaluate, handle, adjust, or process Plaintiffs' Hurricane Ida claim(s), from the time the claim(s) was first submitted up to and including the present.

**REQUEST FOR PRODUCTION NO. 27**:

Please produce all inter-office memoranda or correspondence between your employees discussing, explaining, or mentioning the denial of Plaintiffs' Hurricane Ida claim(s), or any portion of Plaintiffs' claim(s).

**REQUEST FOR PRODUCTION NO. 28**:

Please produce a privilege log of all documents withheld in response to the above requests on the basis of privilege, work product, or confidentiality. The privilege log should contain the following information:

    a.  the name of the sender, if any, of the document;

    b.  the name of the author of the document;

    c.  name of the person, if any, to whom the document and copies were sent;

    d.  a description of the nature and subject matter of the document;

    e.  the statute, rule, or decision which is claimed to give rise to the privilege;

    f.  the last known custodian of the document and the present location of the document;

    g.  attachments to the document;

    h.  the number of pages comprising the document;

    i.  whether the document was handwritten, typewritten or otherwise prepared; and

**Certified True and Correct Copy**
CertID: 2022060600041

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:43 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

j.  any other information which is useful in identifying or is necessary to identify the document.

<div align="center">

Respectfully submitted,

**Marcelle Robertson Mestayer LLC**

</div>

Brian P. Marcelle (La. Bar No. 25156)
Alex T. Robertson (La. Bar No. 37285)
Jacques C. Mestayer (La. Bar. No. 37230)
650 Poydras St. Ste 2720
New Orleans, LA 70130
Phone: (504)910-6220
Fax:    (504)910-6800
brian@mrmlaw.com
alex@mrmlaw.com
jacques@mrmlaw.com

<div align="center">

**CERTIFICATE OF SERVICE**

</div>

I certify that a copy of this discovery accompanied the Petition for Damages in this case, filed on April 25, 2022.

Alex T. Robertson (La. Bar No. 37285)

<div align="center">

8

</div>

**Certified True and Correct Copy**
CertID: 2022060600041

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:43 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

# Uniti Fiber Fax Service

## FAX **DELIVERY** NOTIFICATION

Tangipahoa Parish Clerk of Court 20220001127
Filed May 17, 2022 2:37 PM C
Marquita Dyson
Deputy Clerk of Court

Account: FB9857486746
5/17/2022 2:37:42 PM

The following fax was **successfully** sent to the specified recipient.

**Fax Number:** **15049100838**
Remote CSID: 15049100838 (station ID of receiving fax device)
Pages: 1
Status: No errors

## FAX TRANSMISSION DETAILS

Sent On: 5/17/2022 2:38:44 PM
Duration: 48 seconds
Speed: 14400 bps
Retries: 0
Event ID: 7540f3cd-5c52-4d0a-9c67-5749504a8666

Uniti Fiber

*FAX FILING CONFIRMATION*

HOLLANDER COUNSELING AND CONSULTING INC

VS

MASSACHUSETTS BAY INSURANCE COMPANY

CLERK OF COURT

DOCKET NUMBER: C-20220001127
Division: C
21st Judicial District Court
Parish of Tangipahoa
State of Louisiana

*MAY 17, 2022*

*Attn: STEPHEN M HUBER*
*Fax Number: 504-910-0835*

*We have received your fax filing on 5/17/2022 of the following pleadings:*

*4502-NOTICE 1 PAGE*
*5124-EXHIBIT 1 PAGE*
*59-COVER LETTER 1 PAGE*

*Cost of filing said document will be $60.00.*

*Within 7 days, exclusive of legal holidays, of the above mentioned receipt date you are required to forward the following:*
*a. Original signed document*
*b. Applicable filing fee*
*c. Transmission fee of $5.00 (included in above filing fee)*
*d. If exhibits are to accompany the original pleading(s) mentioned above, please add $2.00/ page to the above fee.*
*If you fail to comply with the requirements above the fax filing shall have no force or effect (R.S. 13:850)*

*NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.*

*SERVICES/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENT(S).*

*IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENT(S) IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.*

*Please remit additional separate check(s) made payable to and in the amount requested below:*

*Please send an additional check for the Sheriff of in the amount of along for service.*

*Please send an additional check for the Sheriff of in the amount of along for service.*

*Please send an additional check for the Secretary of State in the amount of along for service.*

Marquita Dyson
Deputy Clerk of Court for
GARY STANGA, Clerk of Court

CIVIL E-FILING IS AVAILABLE
VISIT WWW.CLERKCONNECT.COM

05/17/2022 TUE 15:42 [JOB NO. 6433] 001

Certified True and Correct Copy
CertID: 2022060600042

Gary Stanga
Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:44 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

To: +19857486746          Page: 1 of 3          2022-05-17 16:17:27 GMT          From: Huber Thomas and Marcelle, LLI

# HUBER
# THOMAS

Stephen M. Huber
Charlie M. Thomas*
Logan E. Schonekas
Christopher Whelen

*also admitted in TX, MS & Washington D.C.

Of Counsel
Fred A. Glinde
t 985 605 0262

> Tangipahoa Parish Clerk of Court  20220001127
> Filed May 17, 2022 11:31 AM      C
> Marquita Dyson
> Deputy Clerk of Court

May 17, 2022

*Via U.S. Mail and Facsimile (985) 748-6746*
Clerk of Court
21st Judicial District Court
P.O. Box 788
Amite, Louisiana 70422

RE:   *Hollanders Counseling and Consulting, Inc. and Little Sunshine Properties, LLC*
      *v. Massachusetts Bay Insurance Company;*
      *21st Judicial District Court for the Parish of Tangipahoa,*
      *Docket No. 2022-0001127, Division "C"*

Dear Clerk:

      Please find enclosed a Notice of Attorney's Privilege Pursant to LA. R.S. 37:218 for filing in the above referenced matter. Please acknowledge receipt of this filing and advise of the filing fees due.

      Thank you for your assistance in this matter.

      With best regards, I remain,

                                                    Sincerely,

                                                    Stephen M. Huber

SMH/sbj

Enclosure

1100 Poydras Street, Suite 2200, New Orleans, LA 70163 | t 504 274 2500 | f 504 910 0838 | www.huberthomaslaw.com

05/17/2022 TUE 11:31  [JOB NO. 6417] Ø001

**Certified True and Correct Copy**
CertID: 2022060600043

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:45 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

DocuSign Envelope ID: 0CC81A29-84D5-4691-BBA9-84D0B2ED236C

Tangipahoa Parish Clerk of Court  20220001127
Filed May 17, 2022 11:31 AM          C
Marquita Dyson
Deputy Clerk of Court

# REPRESENTATION AGREEMENT

**1.**

We, Daniel Hollander, Jennifer Hollander, Hollander Counseling and Consulting, Inc., and Little Sunshine Properties, LLC do hereby employ, retain, and authorize the services of Alex Robertson and the law firm of Huber Thomas & Marcelle, LLP (hereinafter "Attorney") to represent us in our claim against any liable party, their insurance carriers, and/or anyone else liable for and as a result of damages arising from physical damaged that occurred on or about August 29, 2021, to 509 East Thomas Street, Hammond, LA 70401.

**2.**

In consideration of the services rendered or to be rendered, we hereby assign, transfer, set over and deliver to Attorney as fee:

An undivided twenty-five percent (25%) in and to any recovery we may have in this matter prior to a lawsuit being filed with the agreement that any expert and other costs will be reimbursed to Attorney by Client out of any funds received after computation of the Attorney's fees;

An undivided thirty-three percent (33%) in and to any recovery we may have in this matter, after suit is filed, with the agreement that any expert and other costs incurred after the filing of suit will be reimbursed to Attorney by client out of any funds received by us on our claim after computation and deduction of the Attorney's fees.

We hereby assign the fee as described above whether such recovery is obtained by settlement, compromise, or judgment, and further recognize such interests of Attorney in any suit or suits filed thereon in accordance with the provisions of applicable law.

**3.**

In addition to furnishing legal services, Attorney agrees to advance all costs and expenses necessary to prosecute our claim.

**4.**

It is further understood and agreed that Attorney, in his sole discretion, has the right to retain the services of any consultants including but not limited to experts, medical doctors, and others whose services Attorney deems necessary to prosecute my claim, and that the cost thereof shall be reimbursed as costs to Attorney by us out of any funds received on our claim.

**5.**

It is further understood and agreed that in no event will we be responsible for any costs and/or expenses incurred by Attorney in the prosecution of such claim, over and above any funds collected by Attorney in the prosecution of such claim.

**6.**

It is further understood and agreed that Attorney may act as co-counsel or associate with any other attorney at no extra cost to us at Attorney's sole discretion.

**7.**

It is hereby understood and agreed that neither Attorney nor we may settle, compromise, dispose or in any way discontinue our claim and/or suit without the consent of the other.

**8.**

It is further understood and agreed that the prevailing party in any action or proceeding arising out of or to enforce any provision of this agreement will be awarded reasonable attorneys' fees and costs incurred in that action or proceeding, or in the enforcement of any judgment or award rendered.

We do hereby sign our names on ___10/25/21___

Jennifer Hollander          Daniel Hollander          Hollander Counseling and          Little Sunshine Properties,
                                                      Consulting, Inc                    LLC
                                                      By Jennifer Hollander, its        By Jennifer Hollander, its
                                                      President                          Manager

For the Firm: Alex Robertson

05/17/2022 TUE 11:31   [JOB NO. 6417]  003

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:45 AM

**Certified True and Correct Copy**
CertID: 2022060600049

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Tangipahoa Parish Clerk of Court  20220001127
Filed May 17, 2022 11:31 AM          C
Marquita Dyson
Deputy Clerk of Court

21ST JUDICIAL DISTRICT COURT FOR THE PARISH OF TANGIPAHOA

STATE OF LOUISIANA

NO.    2022-0001127                                    DIVISION   C

HOLLANDER COUNSELING AND CONSULTING, INC. AND
LITTLE SUNSHINE PROPERTIES, LLC

VERSUS

MASSACHUSETTS BAY INSURANCE COMPANY

FILED: _____        _____
                                                   DEPUTY CLERK

**NOTICE OF ATTORNEY'S PRIVILEGE
PURSUANT TO LA. R.S. 37:218**

NOW COMES, Huber Thomas, LLP (f/k/a Huber Thomas & Marcelle, LLP), who,

hereby files and records the attached contingency fee contract entered between Huber Thomas,

LLP and plaintiffs, putting all parties hereto on notice of Huber Thomas, LLP's attorney's

privilege on any settlement or recovery had in this matter by plaintiffs pursuant La. Rev. Stat. §

37:218.

Respectfully submitted,

_____
Stephen M. Huber, 24463
HUBER THOMAS, LLP
1100 Poydras Street, Suite 2200
New Orleans, Louisiana 70163
Telephone: (504) 274-2500
Facsimile: (504) 910-0838
stephen@huberthomaslaw.com

**CERTIFICATE OF SERVICE**

I do hereby certify that on May 16, 2022, I delivered the forgoing document to the

opposing counsel via ___ U.S. Mail, *XX* email and/or ___ facsimile transmission.

_____
STEPHEN M. HUBER

05/17/2022 'TUE 11:31  [JOB NO. 6417] ☑002

Bary Stange

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:46 AM

**Certified True and
Correct Copy**
CertID: 2022060600050

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

DocuSign Envelope ID: 0CC61A29-84D5-4591-BBA9-84D0B2ED236C

Tangipahoa Parish Clerk of Court  20220001127
Filed May 23, 2022 12:40 PM    C
Kelsey Miller
Deputy Clerk of Court

# REPRESENTATION AGREEMENT

**1.**

We, Daniel Hollander, Jennifer Hollander, Hollander Counseling and Consulting, Inc., and Little Sunshine Properties, LLC do hereby employ, retain, and authorize the services of Alex Robertson and the law firm of Huber Thomas & Marcelle, LLP (hereinafter "Attorney") to represent us in our claim against any liable party, their insurance carriers, and/or anyone else liable for and as a result of damages arising from physical damaged that occurred on or about August 29, 2021, to 509 East Thomas Street, Hammond, LA 70401.

**2.**

In consideration of the services rendered or to be rendered, we hereby assign, transfer, set over and deliver to Attorney as fee:

An undivided twenty-five percent (25%) in and to any recovery we may have in this matter prior to a lawsuit being filed with the agreement that any expert and other costs will be reimbursed to Attorney by Client out of any funds received after computation of the Attorney's fees;

An undivided thirty-three percent (33%) in and to any recovery we may have in this matter, after suit is filed, with the agreement that any expert and other costs incurred after the filing of suit will be reimbursed to Attorney by client out of any funds received by us on our claim after computation and deduction of the Attorney's fees.

We hereby assign the fee as described above whether such recovery is obtained by settlement, compromise, or judgment, and further recognize such interests of Attorney in any suit or suits filed thereon in accordance with the provisions of applicable law.

**3.**

In addition to furnishing legal services, Attorney agrees to advance all costs and expenses necessary to prosecute our claim.

**4.**

It is further understood and agreed that Attorney, in his sole discretion, has the right to retain the services of any consultants including but not limited to experts, medical doctors, and others whose services Attorney deems necessary to prosecute my claim, and that the cost thereof shall be reimbursed as costs to Attorney by us out of any funds received on our claim.

**5.**

It is further understood and agreed that in no event will we be responsible for any costs and/or expenses incurred by Attorney in the prosecution of such claim, over and above any funds collected by Attorney in the prosecution of such claim.

**6.**

It is further understood and agreed that Attorney may act as co-counsel or associate with any other attorney at no extra cost to us at Attorney's sole discretion.

**7.**

It is hereby understood and agreed that neither Attorney nor we may settle, compromise, dispose or in any way discontinue our claim and/or suit without the consent of the other.

**8.**

It is further understood and agreed that the prevailing party in any action or proceeding arising out of or to enforce any provision of this agreement will be awarded reasonable attorneys' fees and costs incurred in that action or proceeding, or in the enforcement of any judgment or award rendered.

We do hereby sign our names on 10/25/21

| | | | |
|---|---|---|---|
| Jennifer Hollander | Daniel Hollander | Hollander Counseling and Consulting, Inc. By Jennifer Hollander, its President | Little Sunshine Properties, LLC By Jennifer Hollander, its Manager |

For the Firm: Alex Robertson

---

**Certified True and Correct Copy**
CertID: 2022060600051

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:47 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

DocuSign Envelope ID: 0CC61A29-84D5-4591-BBA9-84D0B2ED236C

Tangipahoa Parish Clerk of Court  20220001127
Filed May 23, 2022 12:40 PM          C
Kelsey Miller
Deputy Clerk of Court

# REPRESENTATION AGREEMENT

1.

We, Daniel Hollander, Jennifer Hollander, Hollander Counseling and Consulting, Inc., and Little Sunshine Properties, LLC do hereby employ, retain, and authorize the services of Alex Robertson and the law firm of Huber Thomas & Marcelle, LLP (hereinafter "Attorney") to represent us in our claim against any liable party, their insurance carriers, and/or anyone else liable for and as a result of damages arising from physical damaged that occurred on or about August 29, 2021, to 509 East Thomas Street, Hammond, LA 70401.

2.

In consideration of the services rendered or to be rendered, we hereby assign, transfer, set over and deliver to Attorney as fee:

An undivided twenty-five percent (25%) in and to any recovery we may have in this matter prior to a lawsuit being filed with the agreement that any expert and other costs will be reimbursed to Attorney by Client out of any funds received after computation of the Attorney's fees;

An undivided thirty-three percent (33%) in and to any recovery we may have in this matter, after suit is filed, with the agreement that any expert and other costs incurred after the filing of suit will be reimbursed to Attorney by client out of any funds received by us on our claim after computation and deduction of the Attorney's fees.

We hereby assign the fee as described above whether such recovery is obtained by settlement, compromise, or judgment, and further recognize such interests of Attorney in any suit or suits filed thereon in accordance with the provisions of applicable law.

3.

In addition to furnishing legal services, Attorney agrees to advance all costs and expenses necessary to prosecute our claim.

4.

It is further understood and agreed that Attorney, in his sole discretion, has the right to retain the services of any consultants including but not limited to experts, medical doctors, and others whose services Attorney deems necessary to prosecute my claim, and that the cost thereof shall be reimbursed as costs to Attorney by us out of any funds received on our claim.

5.

It is further understood and agreed that in no event will we be responsible for any costs and/or expenses incurred by Attorney in the prosecution of such claim, over and above any funds collected by Attorney in the prosecution of such claim.

6.

It is further understood and agreed that Attorney may act as co-counsel or associate with any other attorney at no extra cost to us at Attorney's sole discretion.

7.

It is hereby understood and agreed that neither Attorney nor we may settle, compromise, dispose or in any way discontinue our claim and/or suit without the consent of the other.

8.

It is further understood and agreed that the prevailing party in any action or proceeding arising out of or to enforce any provision of this agreement will be awarded reasonable attorneys' fees and costs incurred in that action or proceeding, or in the enforcement of any judgment or award rendered.

We do hereby sign our names on **10/25/21**

| | | | |
|---|---|---|---|
| Jennifer Hollander | Daniel Hollander | Hollander Counseling and Consulting, Inc. By Jennifer Hollander, its President | Little Sunshine Properties, LLC By Jennifer Hollander, its Manager |

For the Firm: Alex Robertson

Certified True and Correct Copy
CertID: 2022060600051

Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:47 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Tangipahoa Parish Clerk of Court  20220001127
Filed May 23, 2022 12:40 PM        C
Kelsey Miller
Deputy Clerk of Court

21ˢᵗ JUDICIAL DISTRICT COURT FOR THE PARISH OF TANGIPAHOA

STATE OF LOUISIANA

NO.    2022-0001127                          DIVISION   C

HOLLANDER COUNSELING AND CONSULTING, INC. AND
LITTLE SUNSHINE PROPERTIES, LLC

VERSUS

MASSACHUSETTS BAY INSURANCE COMPANY

FILED:  _____        _____
                                              DEPUTY CLERK

## NOTICE OF ATTORNEY'S PRIVILEGE
## PURSUANT TO LA. R.S. 37:218

NOW COMES, Huber Thomas, LLP (f/k/a Huber Thomas & Marcelle, LLP), who, hereby files and records the attached contingency fee contract entered between Huber Thomas, LLP and plaintiffs, putting all parties hereto on notice of Huber Thomas, LLP's attorney's privilege on any settlement or recovery had in this matter by plaintiffs pursuant La. Rev. Stat. § 37:218.

Respectfully submitted,

_____
Stephen M. Huber, 24463
HUBER THOMAS, LLP
1100 Poydras Street, Suite 2200
New Orleans, Louisiana 70163
Telephone:  (504) 274-2500
Facsimile:  (504) 910-0838
stephen@huberthomaslaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that on May 16, 2022, I delivered the forgoing document to the opposing counsel via ____ U.S. Mail, *XX* email and/or ____ facsimile transmission.

_____
STEPHEN M. HUBER

2022 MAY 23  PM 12:40
GARY STANGA
CLERK OF COURT
TANGIPAHOA PARISH, LA

Certified True and
Correct Copy
CertID: 2022060600052

_____
Tangipahoa Parish
Clerk of Court

Generated Date:
6/6/2022 9:48 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).